047782/19344/TPD/RCW

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LENNISHA REED and LENN REED JR., as Co-Administrators of the Estate of LENN REED, SR., #B28789,<br><br>Plaintiffs,<br><br>v.<br><br>WEXFORD HEALTH SOURCES, INC., VIPIN SHAH, STEPHEN RITZ, and FAIYAZ AHMED,<br><br>Defendants. | No. 3:20-cv-01139-SPM |

**ANSWER TO COMPLAINT**

COMES NOW Defendant, STEPHEN RITZ, D.O., by and through his attorneys, CASSIDAY SCHADE LLP, and for his Answer to the Complaint filed by Plaintiffs, LENNISHA REED and LENN REED JR., as Co-Administrators of the Estate of LENN REED, SR. (Doc. 1), states as follows:

**Jurisdiction and Venue**

1.      Defendant admits that the U.S. District Court for the Southern District of Illinois is the proper jurisdiction this case.

2.      Defendant admits that the U.S. District Court for the Southern District of Illinois is the proper venue.  Except as expressly admitted herein, denied.

**Parties**

3.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the allegations.

4.      Defendant lacks knowledge or information sufficient to form a belief as to the

truth of the allegations contained in this paragraph and therefore denies the allegations.

5.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the allegations.

6.  Defendant admits that, upon information and belief, Wexford is a corporation headquartered in Pennsylvania and transacting business in Illinois. Defendant admits that Wexford, pursuant to a contract with a division of the state of Illinois, provides certain staff providing certain healthcare at IDOC prisons. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore denies the allegations.

7.  Defendant admits that, upon information and belief, Dr. Vipin Shah is a physician employed by Wexford in Illinois IDOC facilities. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore denies the allegations.

8.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the allegations.

9.  Defendant admits that he is a physician employed by Wexford in Pittsburgh, Pennsylvania, and that he has been employed by Wexford since May 2014. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore denies the allegations. Except as expressly admitted herein, denied.

## Allegations

10.  Defendant admits that Decedent had certain medical conditions and received certain medical care and treatment as are more fully reflected in his medical records. Except as

expressly admitted herein, denied.

11. Defendant admits that Decedent had certain medical conditions and received certain medical care and treatment as are more fully reflected in his medical records. Except as expressly admitted herein, denied.

12. Defendant admits that Decedent had certain medical conditions and received certain medical care and treatment as are more fully reflected in his medical records. Except as expressly admitted herein, denied.

13. Defendant admits that Decedent had certain medical conditions and received certain medical care and treatment as are more fully reflected in his medical records. Except as expressly admitted herein, denied.

14. Defendant admits, on information and belief, that an x-ray machine was located on site at Lawrence Correctional Center at certain times, and could be operated by staff on site. The remaining allegations in this paragraph are denied.

15. Defendant admits that Decedent had certain medical conditions and received certain medical care and treatment as are more fully reflected in his medical records. Except as expressly admitted herein, denied.

16. Defendant admits that Decedent had certain medical conditions and received certain medical care and treatment as are more fully reflected in his medical records. Except as expressly admitted herein, denied.

17. Defendant admits that Decedent had certain medical conditions and received certain medical care and treatment as are more fully reflected in his medical records. Except as expressly admitted herein, denied.

18. Defendant admits that Decedent had certain medical conditions and received

certain medical care and treatment as are more fully reflected in his medical records. Except as expressly admitted herein, denied.

19. Defendant admits that Decedent had certain medical conditions and received certain medical care and treatment as are more fully reflected in his medical records. Except as expressly admitted herein, denied.

20. Defendant admits that Decedent had certain medical conditions and received certain medical care and treatment as are more fully reflected in his medical records. Except as expressly admitted herein, denied.

21. Defendant admits that Decedent had certain medical conditions and received certain medical care and treatment as are more fully reflected in his medical records. Except as expressly admitted herein, denied.

22. Defendant admits that Decedent had certain medical conditions and received certain medical care and treatment as are more fully reflected in his medical records. Except as expressly admitted herein, denied.

23. Defendant admits that Decedent had certain medical conditions and received certain medical care and treatment as are more fully reflected in his medical records. Except as expressly admitted herein, denied.

24. Defendant admits that Decedent had certain medical conditions and received certain medical care and treatment as are more fully reflected in his medical records. Except as expressly admitted herein, denied.

25. Defendant admits that Decedent had certain medical conditions and received certain medical care and treatment as are more fully reflected in his medical records. Except as expressly admitted herein, denied.

26. Defendant admits that Decedent had certain medical conditions and received certain medical care and treatment as are more fully reflected in his medical records. Except as expressly admitted herein, denied.

27. Defendant admits that Decedent had certain medical conditions and received certain medical care and treatment as are more fully reflected in his medical records. Except as expressly admitted herein, denied.

28. Defendant admits that Decedent had certain medical conditions and received certain medical care and treatment as are more fully reflected in his medical records. Except as expressly admitted herein, denied.

29. Defendant admits that Decedent had certain medical conditions and received certain medical care and treatment as are more fully reflected in his medical records. Except as expressly admitted herein, denied.

30. Defendant admits that Decedent had certain medical conditions and received certain medical care and treatment as are more fully reflected in his medical records. Except as expressly admitted herein, denied.

31. Defendant admits that Decedent had certain medical conditions and received certain medical care and treatment as are more fully reflected in his medical records. Except as expressly admitted herein, denied.

32. Defendant admits that Decedent had certain medical conditions and received certain medical care and treatment as are more fully reflected in his medical records. Except as expressly admitted herein, denied.

33. Defendant admits that colon cancer can be a progressive disease, that some cases are more treatable than others, and that, in some cases, medical treatment can improve a patient's

prognosis. Except as expressly admitted herein, denied.

34. Defendant denies the allegations in this paragraph upon information and belief.

35. Defendant denies the allegations in this paragraph upon information and belief.

36. Defendant admits that patients at correctional facilities where Wexford staff provide medical care sometimes see nurses when they have medical complaints, who can refer the patients to physicians or mid-level practitioners. Except as expressly admitted herein, denied.

37. Defendant admits that, generally, during 2018, a Wexford physician at an Illinois correctional facility would obtain approval to send a patient off site for non-emergent medical care. Defendant admits that the approval for off site care is, at times, given by Defendant. Except as expressly admitted herein, denied.

38. Defendant admits that, generally, during 2018, a Wexford physician at an Illinois correctional facility would obtain approval to send a patient off site for non-emergent medical care. Defendant admits that the process for obtaining such approval has been called "Utilization Management," or "Collegial Review." Except as expressly admitted herein, denied.

39. Defendant admits that, generally, during 2018, a Wexford physician at an Illinois correctional facility would obtain approval to send a patient off site for non-emergent medical care. Defendant admits that the process for obtaining such approval has been called "Utilization Management," or "Collegial Review." Except as expressly admitted herein, denied.

40. Defendant denies the allegations in this paragraph upon information and belief.

41. Defendant denies that he has intentionally denied "lifesaving, necessary medical care," and on information and belief denies that Wexford has intentionally denied "lifesaving, necessary medical care." Defendant lacks knowledge or information sufficient to form a belief

6

as to the truth of the remaining allegations contained in this paragraph and therefore denies the allegations.

42. Defendant denies, on information and belief, that Utilization Management is generally harmful in cancer cases, and denies that Wexford corporate physicians have "virtually no knowledge of any case at hand." Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore denies the allegations.

43. Defendant denies the allegations in this paragraph.

44. Defendant denies the allegations in this paragraph.

45. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the allegations.

46. Defendant admits that Decedent had certain medical conditions and received certain medical care and treatment as are more fully reflected in his medical records. Except as expressly admitted herein, denied.

47. Defendant admits that Decedent had certain medical conditions and received certain medical care and treatment as are more fully reflected in his medical records. Defendant denies that the allegations in this paragraph provide an accurate or thorough description of medical knowledge with regard to diagnosing colon cancer. Except as expressly admitted herein, denied.

48. Defendant admits that Decedent had certain medical conditions and received certain medical care and treatment as are more fully reflected in his medical records. Except as expressly admitted herein, denied.

49. Defendant admits that Decedent had certain medical conditions and received

certain medical care and treatment as are more fully reflected in his medical records. Except as expressly admitted herein, denied.

50. To the extent that the allegations in this paragraph are directed at this defendant, Defendant denies the allegations in this paragraph.

51. Defendant admits that Decedent had certain medical conditions and received certain medical care and treatment as are more fully reflected in his medical records. Except as expressly admitted herein, denied.

52. To the extent that the allegations in this paragraph are directed at this defendant, Defendant denies the allegations in this paragraph.

53. To the extent that the allegations in this paragraph are directed at this defendant, Defendant denies the allegations in this paragraph.

## COUNT I

**42 U.S.C. § 1983 – Denial of Medical Care (Eighth Amendment) All Defendants**

54. Each paragraph of this Answer is incorporated herein.

55. To the extent that the allegations in this paragraph are directed at this defendant, Defendant denies the allegations in this paragraph.

56. To the extent that the allegations in this paragraph are directed at this defendant, Defendant denies the allegations in this paragraph.

57. To the extent that the allegations in this paragraph are directed at this defendant, Defendant denies the allegations in this paragraph.

58. To the extent that the allegations in this paragraph are directed at this defendant, Defendant denies the allegations in this paragraph.

59. To the extent that the allegations in this paragraph are directed at this defendant,

Defendant denies the allegations in this paragraph.

60. Defendant denies the allegations in this paragraph.

61. Defendant admits that there is a contract between Wexford Health Sources and a division of the state of Illinois whereby Wexford provides certain medical professionals who provide certain healthcare services in IDOC facilities, and Wexford facilitates the provision of certain medical services to inmates. Except as expressly admitted herein, denied.

62. Defendant denies the allegations in this paragraph.

63. To the extent that the allegations in this paragraph are directed at this defendant, Defendant denies the allegations in this paragraph.

64. Defendant admits that there is a contract between Wexford Health Sources and a division of the state of Illinois whereby Wexford provides certain medical professionals who provide certain healthcare services in IDOC facilities, and Wexford facilitates the provision of certain medical services to inmates. Except as expressly admitted herein, denied.

65. Defendant denies the allegations in this paragraph.

66. Defendant denies the allegations in this paragraph.

67. Defendant denies the allegations in this paragraph.

### Count II
### 42 U.S.C. § 1983 – Failure to Intervene
### All Defendants

68. Each paragraph of this Answer is incorporated herein.

69. To the extent that the allegations in this paragraph are directed at this defendant, Defendant denies the allegations in this paragraph.

70. To the extent that the allegations in this paragraph are directed at this defendant, Defendant denies the allegations in this paragraph.

71. To the extent that the allegations in this paragraph are directed at this defendant, Defendant denies the allegations in this paragraph.

72. To the extent that the allegations in this paragraph are directed at this defendant, Defendant denies the allegations in this paragraph.

### Count III – State Law Claim
### Wrongful Death
### All Defendants

73. Each paragraph of this Answer is incorporated herein.

74. To the extent that the allegations in this paragraph are directed at this defendant, Defendant denies the allegations in this paragraph.

75. To the extent that the allegations in this paragraph are directed at this defendant, Defendant denies the allegations in this paragraph.

76. To the extent that the allegations in this paragraph are directed at this defendant, Defendant denies the allegations in this paragraph.

77. To the extent that the allegations in this paragraph are directed at this defendant, Defendant denies the allegations in this paragraph.

78. To the extent that the allegations in this paragraph are directed at this defendant, Defendant denies the allegations in this paragraph.

79. This paragraph states a legal conclusion rather than allegations of fact, and so no response is required from this defendant. To the extent that a response may be required, Defendant denies any allegations in this paragraph.

### Count IV – State Law Claim
### Survival Action
### All Defendants

80. Each paragraph of this Answer is incorporated herein.

81. To the extent that the allegations in this paragraph are directed at this defendant, Defendant denies the allegations in this paragraph.

82. To the extent that the allegations in this paragraph are directed at this defendant, Defendant denies the allegations in this paragraph.

83. To the extent that the allegations in this paragraph are directed at this defendant, Defendant denies the allegations in this paragraph.

84. To the extent that the allegations in this paragraph are directed at this defendant, Defendant denies the allegations in this paragraph.

85. This paragraph states a legal conclusion rather than allegations of fact, and so no response is required from this defendant. To the extent that a response may be required, Defendant denies any allegations in this paragraph.

86. This paragraph states a legal conclusion rather than allegations of fact, and so no response is required from this defendant. To the extent that a response may be required, Defendant denies any allegations in this paragraph.

### Count V
### Respondeat Superior
### Defendant Wexford

87. Count V is the subject of a Motion to Dismiss filed by Defendants. (Doc. 17). Defendant restates the arguments and request for relief stated therein. To the extent that a response to this paragraph may be required, Defendant incorporates each paragraph of this Answer herein.

88. Count V is the subject of a Motion to Dismiss filed by Defendants. (Doc. 17). Defendant restates the arguments and request for relief stated therein. To the extent that a response to this paragraph may be required, Defendant denies the allegations in this paragraph.

89. Count V is the subject of a Motion to Dismiss filed by Defendants. (Doc. 17). Defendant restates the arguments and request for relief stated therein. To the extent that a response to this paragraph may be required, Defendant denies the allegations in this paragraph.

90. Count V is the subject of a Motion to Dismiss filed by Defendants. (Doc. 17). Defendant restates the arguments and request for relief stated therein. To the extent that a response to this paragraph may be required, Defendant denies the allegations in this paragraph.

### JURY DEMAND

Defendant demands a trial by jury in this matter.

### AFFIRMATIVE DEFENSES

#### A. Qualified Immunity

At all relevant times, Defendant acted in good faith in the performance of his official duties and without violating Plaintiffs' or Decedent's clearly established statutory or constitutional rights of which a reasonable person would have known. Defendant is, therefore, protected from suit by the doctrine of qualified immunity.

#### B. Statutes of Limitations

Plaintiffs are barred from pursuing claims against this defendant because the time permitted for filing such claims pursuant to the relevant statutes of limitations had expired before Plaintiffs filed suit.

#### C. Failure to Mitigate Damages

Plaintiffs cannot recover damages against this defendant because, and to the extent that, they or Decedent failed to exercise ordinary care to mitigate harm to Decedent.

#### D. Failure to file an affidavit as required by 735 ILCS 5/2-622

Plaintiffs cannot recover damages against this defendant because Plaintiffs have failed to

file an affidavit meeting the requirements stated in 735 ILCS 5/2-622.

WHEREFORE Defendant, STEPHEN RITZ, D.O., prays this Honorable Court enter judgment in his favor and against Plaintiffs, and deny any and all relief requested by Plaintiffs in this matter.

      Respectfully submitted,

      CASSIDAY SCHADE LLP

By: /s/ Ryan C. Wallis
    One of the Attorneys for Defendants, WEXFORD HEALTH SOURCES, INC., VIPIN SHAH, M.D., and STEPHEN RITZ, D.O.

Ryan C. Wallis
ARDC No. 6288689
CASSIDAY SCHADE LLP
100 North Broadway, Suite 1580
St. Louis, MO 63102
(314) 241-1377
(314) 241-1320 (Fax)
rwallis@cassiday.com

**CERTIFICATE OF SERVICE**

I hereby certify that on January 1, 2021, I electronically filed the foregoing Answer to Plaintiffs' Complaint with the Clerk of the Southern District of Illinois using the CM/ECF system. The electronic case filing system sent a "Notice of E-Filing" to the following:

Sarah Copeland Grady, Esq.
Jon I. Loevy
Stephen H. Weil
Loevy & Loevy
311 N. Aberdeen Street, Third Floor
Chicago IL 60607
sarah@loevy.com
jon@loevy.com
weil@loevy.com

/s/ Ryan C. Wallis

9692597 RWALLIS;DWALLACE