IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LENNISHA REED, *Co-Administrator of the Estate of Lenn Reed,* and<br>LENN REED, JR., *Co-Administrator of the Estate of Lenn Reed,*<br><br>**Plaintiff,**<br><br>v.<br><br>WEXFORD HEALTH SOURCES, INC.,<br>VIPIN SHAH,<br>STEPHEN RITZ, and<br>FAIYAZ AHMED,<br><br>**Defendants.** | Case No. 20-cv-01139-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court on a Motion to Dismiss filed by Defendants Wexford Health Sources, Inc. ("Wexford"), Vipin Shah, Stephen Ritz, and Faiyaz Ahmed. (Doc. 17). Plaintiffs Lennisha Reed and Lenn Reed Jr. filed a response in opposition. (Doc. 21). For the following reasons, the Motion to Dismiss is granted in part.

### BACKGROUND

Plaintiffs Lennisha Reed and Lenn Reed Jr, Co-Administrators of the Estate of Lenn Reed Sr., commenced this action on October 28, 2020, claiming constitutional violations pursuant to 42 U.S.C. § 1983 and violations of Illinois state laws. (Doc. 1). In the Complaint, Plaintiffs allege that in early 2018, while an inmate in the custody of the Illinois Department of Corrections, Lenn Reed began complaining to Wexford medical staff about digestive problems. Medical staff treated his complaints as a case of indigestion and prescribed Reed indigestion medications. Those medications failed to alleviate Reed's symptoms. Reed's weight dramatically dropped, and he

experienced symptoms that are "classic" signs of advanced colon cancer, such as constipation, pain in his bowels, and blocked bowels. Medical staff, however, continued to treat Reed for indigestion. Eventually, further medical testing revealed that Reed had cancer. Plaintiffs claim that even after a diagnosis, Wexford staff did not proceed to immediate staging and chemotherapy treatment but took an unhurried approach and delayed Reed's care. As a result, it became too late for Reed to receive treatment, and he died of cancer in early 2019. Plaintiffs are proceeding on claims brought pursuant to the Eighth Amendment (Counts I and II), the Illinois Wrongful Death Act, 740 ILCS § 1801/1 (Count III), and the Illinois Survival Act, 755 ILCS § 5/27-6 (Count IV) against Defendants Wexford, a corporation who contracts with the State of Illinois to provide healthcare within its prisons, and Dr. Shah, Dr. Ahmed, and Dr. Ritz, medical personnel who worked with or treated Reed while he was in IDOC custody and who are employees of Wexford. Plaintiffs also assert that Defendant Wexford is liable, as a private corporation, under 42 U.S.C. § 1983 and state law for the conduct of its employees acting within the scope of their employment (Count V). In support of this claim, Plaintiffs cite to *Shields v. Ill. Dep't of Corr.,* 97 F. 3d 782, 793-95 (7th Cir. 2014). (*See* Doc. 1, p. 19).

The *respondeat superior* claim, Count V, is the topic of the Motion to Dismiss filed by Defendants. Defendants ask the Court to dismiss Count V, arguing that the doctrine of *respondeat superior* does not apply to actions under 42 U.S.C. § 1983. (Doc. 17, p. 3) (citing *Vance v. Peters,* 97 F.3d 987, 990 (7th Cir. 1996)). Defendants recognize that in the case referenced by Plaintiffs in the Complaint, *Shields v. Ill. Dep't of Corr.,* the Seventh Circuit "alluded that this legal precedent may deserve fresh consideration." (Doc. 17, p. 4). Despite this expressed interest in revisiting precedent, Defendants argue the Seventh Circuit ultimately held that "a private corporation cannot be held liable under § 1983 unless the constitutional violation was caused by an unconstitutional policy or custom of the corporation itself." *See Shields,* 97 F. 3d at 789.

Therefore, they assert that Count V should be dismissed as a matter law pursuant to Federal Rule of Civil Procedure 12(b)(6).

In response, Plaintiffs acknowledges that the holding in *Iskander v. Village of Forest Park,* that private corporations cannot be held liable under Section 1983 based on vicarious liability, is the binding law in this district. (Doc. 21, p. 6) (citing 690 F. 2d 123, 131 (7th Cir. 1983)). Rather, they argue that this current matter presents an opportunity to revisit that precedent and recognize the availability of *respondeat superior* liability against private corporations for Section 1983 claims, as the Seventh Circuit has repeatedly signaled its readiness to do. (*Id.* at p. 5) (citing *Glisson v. Ind. Dep't of Corr.*, 849 F.3d 372, 379 (7th Cir. 2017) (*en banc*); *Gaston v. Ghosh*, 920 F.3d 493, 495 (7th Cir. 2019)). Plaintiffs also point out that Defendants have not put furth arguments regarding *respondeat superior* liability under state law. To the extent the Court does apply Seventh Circuit precedent for claims brought under Section 1983, they ask for the Motion to Dismiss to be granted only in part and allow the *respondeat superior* claim to proceed pursuant to Illinois state law.

## ANALYSIS

A motion to dismiss under Rule 12(b)(6) addresses the legal sufficiency of the plaintiff's claim for relief, not the merits of the case or whether the plaintiff will ultimately prevail. *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014); *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). In reviewing a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff, accept as true all well-pleaded facts, and draw all possible inferences in the plaintiff's favor. *E.g., Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citation omitted). The complaint will survive the motion to dismiss only if it alleges facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

As other courts in this circuit have previously held, "the Seventh Circuit's decision in *Iskander* squarely precludes [Defendants] from bringing a *respondeat superior* claim against Wexford under Section 1983. *Hernandez v. Ill. Dep't of Corr.,* No. 17-cv-1335-NJR-RJD, 2019 WL 3059796, at *3 (S.D. Ill. July 12, 2019). *See also Green v. Meeks,* No. 20-cv-463-NJR, 2020 WL 5292045, at *3 (S.D. Ill. Sept. 4, 2020); *Lowe v. Williams,* No. 16-c-8274, 2020 WL 5848439, at *7 (N.D. Ill. Oct. 1, 2020); *Pindak v. Dart,* 125 F. Supp. 3d 720, 765 (N.D. Ill. 2015). Although the Seventh Circuit continues to "cast doubt on its reasoning in *Iskander*[,]…this Court is obligated to follow the decisions of higher courts" until the question is resolved. *Hernandez,* 2020 WL 5292045, at *3. As the existing law in this circuit at this time prohibits *respondeat superior* liability in Section 1983 actions, the Motion to Dismiss is granted as to Plaintiffs' *respondeat superior* claim under federal law. *See Howell v. Wexford Health Sources, Inc.,* No. 19-3210, 2021 WL 405006, at *3 (7th Cir. Feb. 5, 2021) (holding that "[c]ircuit precedent establishes at this time that private corporations acting under color of law also benefit from *Monell's* rejection of respondeat superior liability for an employee's constitutional violations"); *Peterson v. Wexford Health Sources, Inc.,* 986 F. 3d 746, 754 (7th Cir. 2021) (stating that "[d]espite calls to reconsider our precedent we have chosen to leave *Iskander* undisturbed") (internal citations and quotations omitted).

The Court will allow Count V to proceed to the extent that Plaintiffs are alleging *respondeat superior* liability under Illinois State law. "Claims seeking to hold a principal liable under the Wrongful Death Act for its agent's acts under a *respondeat superior* theory are permitted and are, in fact, common." *White v. Watson,* No. 16-cv-00560-JPG-DGW, 2018 WL 2047934, at *15 (S.D. Ill. May 2, 2018) (citing *McHale v. W.D. Trucking, Inc.*, 39 N.E.3d 595 (Ill. App. Ct.

2015); *Davis v. City of Chi.*, 8 N.E.3d 120 (Ill. App. Ct. 2014); *Estate of Crandall v. Godinez*, No. 14-CV-1401, 2015 WL 1539017 (C.D. Ill. Mar. 31, 2015)). Defendants have not put forth any arguments for why the pleading is insufficient as to *respondeat superior* claim under Illinois law, and therefore, the Court finds the claim sufficiently plead. *See Gonzalez v. Wexford Health Sources, Inc.*, No. 15-cv-776, 2020 WL 6381361, at *3 (N.D. Ill. Oct. 30, 2020) (denying motion to dismiss a *respondeat superior* claim brought against Wexford under Illinois law for negligence of Wexford employees).

## DISPOSITION

For the reasons provided, the Motion to Dismiss Count V of Plaintiffs' Complaint (Doc. 17) is **GRANTED in part**. Plaintiffs' claim of *respondeat superior* liability against Wexford pursuant to 42 U.S.C. § 1983 is **DISMISSED with prejudice**. The claim of *respondeat superior* liability against Wexford pursuant to Illinois state law shall proceed.

**IT IS SO ORDERED.**

DATED:   February 22, 2021

                                                    *s/ Stephen P. McGlynn*
                                                    **STEPHEN P. MCGLYNN**
                                                    **United States District Judge**