Exhibit 1



Steve Weil <weil@loevy.com>

---

## RE: FW: Lennisha Reed, et al. 20-cv-01139-Proposed Order for Document 32 [HRVA-HRVA.FID3104978]
1 message

---

**Wallis, Ryan C.** <rwallis@cassiday.com>               Wed, Aug 25, 2021 at 5:37 PM
To: Steve Weil <weil@loevy.com>
Cc: "Rhonda S. Rainey" <RRainey@heylroyster.com>, "Keith B. Hill" <KHill@heylroyster.com>, "sarah@loevy.com" <sarah@loevy.com>, "Dugan, Timothy" <tdugan@cassiday.com>

Hello Steve,


Both HIPAA and HITECH place a duty on covered entities like Defendants to limit disclosures regarding protected health information to the minimum necessary.  Defendants oppose your proposed protective order because it would enable Plaintiffs to compel them to produce more information than necessary for Plaintiffs to pursue their claims.  The potential relevance of third-party PHI to Plaintiffs' claims is not sufficient justification for stripping those third parties of their privacy protections under HIPAA.  While 45 C.F.R. §164.512(e) affords assurances to the use of protected information, it is not an exception to the Defendants' overarching duty under HIPAA to limit disclosures, uses, and requests to what is necessary.


Regards,


**Ryan Wallis** | Attorney
Cassiday Schade LLP | Phone: 314.655.4716 | Fax: 314.241.1320
100 N. Broadway, Suite 1580, St. Louis MO 63102 | www.cassiday.com

CASSIDAY SCHADE LLP

Illinois | Indiana | Missouri | New Mexico | Wisconsin

---

**From:** Steve Weil <weil@loevy.com>
**Sent:** Wednesday, August 25, 2021 8:51 AM
**To:** Wallis, Ryan C. <rwallis@cassiday.com>
**Cc:** Rhonda S. Rainey <RRainey@heylroyster.com>; Keith B. Hill <KHill@heylroyster.com>; sarah@loevy.com; Dugan, Timothy <tdugan@cassiday.com>
**Subject:** Re: FW: Lennisha Reed, et al. 20-cv-01139-Proposed Order for Document 32 [HRVA-HRVA.FID3104978]


       Hello Ryan,

  **EXTERNAL**

I am requesting again that you please identify what provisions of HITECH would be violated or how they would be violated.  Will you be providing clarification?

 --

Stephen H. Weil

LOEVY & LOEVY

311 N. Aberdeen

Chicago, IL 60607

Tel:  312-243-5900

Fax: 312-243-5902

weil@loevy.com

On Sat, Aug 21, 2021 at 11:44 AM Steve Weil <weil@loevy.com> wrote:

> Ryan,
>
> Thanks for this response.  So that we can understand your position, can you please identify what provisions of HITECH would be violated or how they would be violated?
>
> Thanks,
>
> Steve
>
>  --
>
> Stephen H. Weil
>
> LOEVY & LOEVY
>
> 311 N. Aberdeen
>
> Chicago, IL 60607
>
> Tel:  312-243-5900
>
> Fax: 312-243-5902
>
> weil@loevy.com
>
>
>
> On Wed, Aug 18, 2021 at 4:33 PM Wallis, Ryan C. <rwallis@cassiday.com> wrote:
>
>> Steve,
>>
>> Defendants do not agree to Plaintiff's proposed additional order pertaining to HIPAA.  The HIPAA order that has already been entered in this matter permits production of adequate information.  The order you propose would permit discovery that exposes the PHI of third parties without a showing that the third-party PHI bears a factual connection to this matter.  It violates the policy of HIPAA and HITECH without attempting to mitigate the exposure of uninvolved parties' PHI.  This would cause unbounded harm to the third parties, and experience has shown that it would be a predicate for discovery that far exceeds a reasonable in scope for this matter.
>>
>> Regards,
>>
>>
>> **Ryan Wallis** | Attorney
>> Cassiday Schade LLP | Phone: 314.655.4716 | Fax: 314.241.1320
>> 100 N. Broadway, Suite 1580, St. Louis MO 63102 | www.cassiday.com
>>
>> CASSIDAY SCHADE LLP
>> Illinois | Indiana | Missouri | New Mexico | Wisconsin

**From:** Steve Weil <weil@loevy.com>
**Sent:** Friday, August 13, 2021 1:12 PM
**To:** Wallis, Ryan C. <rwallis@cassiday.com>
**Cc:** Rhonda S. Rainey <RRainey@heylroyster.com>; Keith B. Hill <KHill@heylroyster.com>; sarah@loevy.com; Dugan, Timothy <tdugan@cassiday.com>
**Subject:** Re: FW: Lennisha Reed, et al. 20-cv-01139-Proposed Order for Document 32 [HRVA-HRVA.FID3104978]

Ryan,

**EXTERNAL**

We have received your responses today to our July 14, 2021 discovery to your clients. In those responses you object (among other things) that disclosing the PHI of third parties could violate HIPAA. In order to resolve that objection, I am renewing our request that you resolve that objection by agreeing to enter into a protective order that satisfies the criteria of 45 CFR § 164.512(e). We understand that you have other objections as well. In asking you to agree for entry of an order pursuant to 45 CFR § 164.512(e), we seek to resolve your HIPAA objection.

In my May 26 email, which is in this chain, I attached a draft protective order that we believe satisfies 45 CFR § 164.512(e). We are open to entry of another version of a protective order that would satisfy 45 CFR § 164.512(e). We simply seek entry of a protective order that satisfies 45 CFR § 164.512(e).

If you continue to object to the entry of a protective order under 45 CFR § 164.512(e), please explain why.

If you believe that the entry of a protective order under 45 CFR § 164.512(e) would not resolve your HIPAA objection (or at least part of your HIPAA objection), please explain why.

Please advise by COB Monday whether you will agree to entry of a protective order under 45 CFR § 164.512(e).

Thanks and best regards,

- Steve

--

Stephen H. Weil

LOEVY & LOEVY

311 N. Aberdeen

Chicago, IL 60607

Tel: 312-243-5900

Fax: 312-243-5902

weil@loevy.com

On Thu, May 27, 2021 at 4:52 PM Wallis, Ryan C. <rwallis@cassiday.com> wrote:

Counsel:

For our clients, we do not agree to Plaintiffs' proposed HIPAA order.


Plaintiffs' request for an order broadly permitting disclosure of non-party protected health information ("PHI") would harm the privacy interests of thousands of patients unrelated to the allegations in this case. The proposed order itself includes no provision effective to limit such disclosures of non-party PHI to those which are arguably relevant to this case by the medical condition at issue, geographical scope, or duration of time at issue. Additionally, Plaintiffs have not elucidated what kind of PHI is sought in support of their *Monell* claim aside from their allegations, and their allegations alone do not support vitiating thousands of patients' privacy interests in their PHI.


Plaintiffs have not demonstrated that the release of non-party PHI per their proposed order is proportional to their needs or the benefits to the case, and as such Plaintiffs' request to open the non-party PHI to broad production that would be enabled by their proposed order should be denied under Seventh Circuit jurisprudence and federal statutes. Of course, we are not attempting to exhaustively list our arguments against the entry of such an order here and may raise additional argument in briefing on this issue.


Regards,


**Ryan Wallis** | Attorney
Cassiday Schade LLP | Phone: 314.655.4716 | Fax: 314.241.1320
100 N. Broadway, Suite 1580, St. Louis MO 63102 | www.cassiday.com

CASSIDAY SCHADE LLP

Illinois | Indiana | Missouri | New Mexico | Wisconsin


---

**From:** Steve Weil <weil@loevy.com>
**Sent:** Wednesday, May 26, 2021 4:15 PM
**To:** Rhonda S. Rainey <RRainey@heylroyster.com>
**Cc:** Keith B. Hill <KHill@heylroyster.com>; sarah@loevy.com; Dugan, Timothy <tdugan@cassiday.com>; Wallis, Ryan C. <rwallis@cassiday.com>
**Subject:** Re: FW: Lennisha Reed, et al. 20-cv-01139-Proposed Order for Document 32 [HRVA-HRVA.FID3104978]


Counsel,


We wrote to advise the court that we oppose entry of this HIPAA order because it covers only the PHI of Mr. Reed, and not the PHI of third parties such as other prison inmates. We had no desire to appear acrimonious with the Court--had we been consulted in advance of your motion we would have explained our position and likely been able to resolve the matter informally.


We have made *Monell* policy and practice claims in this case, alleging widespread policies of inadequate cancer treatment. Given those allegations, the medical care of third parties will be relevant in this case, which will require production of their PHI in discovery. HIPAA 's regulations contain specific provisions to deal with circumstances like this in litigation, which protect the PHI of third parties and allow its disclosure if a qualifying protective order is entered.


I'm attaching a draft of a qualified protective order that covers third party PHI. It is the order we propose to enter with the Court.


Please let me know whether you will agree to this order. If you like you may even email it to the court as a modification of the HIPAA PO you transmitted to the Court this morning.


Please advise.

Best regards,


- Steve


--

Stephen H. Weil

LOEVY & LOEVY

311 N. Aberdeen

Chicago, IL 60607

Tel: 312-243-5900

Fax: 312-243-5902

weil@loevy.com



On Wed, May 26, 2021 at 10:00 AM Rhonda S. Rainey <RRainey@heylroyster.com> wrote:

Dear Judge McGlynn,


Attached please find Defendant Faiyaz Ahmed's Proposed Order for his Motion for HIPAA Qualified Protective Order. The Motion was filed as Document 32 on May 24, 2021. The prior attachment emailed to you on May 24, 2021 was sent in error.


Thank you and I apologize for the error.


**Rhonda S. Rainey**

*Legal Assistant*

**Heyl, Royster, Voelker & Allen, P.C.** 

105 West Vandalia Street • Suite 100 • Edwardsville, IL 62025

Web:    www.heylroyster.com

Phone:   618.656.4646

Direct:   618.650-7646

Fax:      309.420.0402



🌐 ***Please join us in going green.***

*This communication, along with any documents, files or attachments, is intended only for the use of the addressee and may contain legally privileged and confidential information.  If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of any information contained in or attached to this communication is strictly prohibited.  If you have received this message in error, please notify the sender immediately and destroy the original communication and its attachments without reading, printing or saving in any manner.  This communication does not form any contractual obligation on behalf of the sender or Heyl, Royster, Voelker & Allen.*

**CONFIDENTIALITY NOTICE:** This electronic message is intended to be viewed only by the individual or entity to whom it is addressed. It may contain information that is privileged, confidential and exempt from disclosure under applicable law. Any dissemination, distribution or copying of this communication is strictly prohibited without our prior permission. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, or if you have received this communication in error, please notify us immediately by return e-mail and delete the original message and any copies of it from your computer system. For further information about Cassiday Schade LLP, please see our website at www.cassiday.com or refer to any of our offices. Thank you.

**CONFIDENTIALITY NOTICE:** This electronic message is intended to be viewed only by the individual or entity to whom it is addressed. It may contain information that is privileged, confidential and exempt from disclosure under applicable law. Any dissemination, distribution or copying of this communication is strictly prohibited without our prior permission. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, or if you have received this communication in error, please notify us immediately by return e-mail and delete the original message and any copies of it from your computer system. For further information about Cassiday Schade LLP, please see our website at www.cassiday.com or refer to any of our offices. Thank you.

**CONFIDENTIALITY NOTICE:** This electronic message is intended to be viewed only by the individual or entity to whom it is addressed. It may contain information that is privileged, confidential and exempt from disclosure under applicable law. Any dissemination, distribution or copying of this communication is strictly prohibited without our prior permission. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, or if you have received this communication in error, please notify us immediately by return e-mail and delete the original message and any copies of it from your computer system. For further information about Cassiday Schade LLP, please see our website at www.cassiday.com or refer to any of our offices. Thank you.