IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Lennisha Reed *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> Wexford Health Sources, Inc., *et al.*, <br><br> Defendants. | Case Number 3:20-cv-01139-SPM <br><br> Judge Stephen P. McGlynn |

**PLAINTIFFS' REPLY IN SUPPORT OF**
**<u>MOTION FOR ENTRY OF A HIPAA PROTECTIVE ORDER</u>**

Plaintiffs submit this reply in support of their motion for entry of a HIPAA protective order (ECF 35) and in reply to the response in opposition filed by Wexford (ECF 37).

Pursuant to Local Rule 7.1(c), Plaintiffs do not file this reply as a matter of course. They do so because Wexford's response presents exceptional circumstances that call for a reply to help the Court resolve this dispute. Before filing their motion Plaintiffs engaged in an extensive meet-and-confer process with Wexford. *See* ECF 35-1. Plaintiffs' primary goal was resolving the dispute, but if that were not possible, they sought to understand Wexford's position so that the parties could present a focused and narrowed disagreement to the Court. Most of Wexford's response, however, makes new objections it never raised before. Plaintiffs have had no opportunity to address these arguments, and that the Court is deprived of focused briefing that will actually help it resolve this dispute. These circumstances call for a reply.

**<u>ARGUMENT</u>**

Plaintiffs seek entry of a HIPAA protective order covering third parties so that they can gather evidence about how Wexford treats other prisoners with serious medical issues. As Plaintiffs explained in their motion, they require this evidence to prove that Wexford has a

widespread practice of providing inadequate medicine to the prisoners under its care. Wexford has raised multiple objections, but they are wrong. The Court should grant Plaintiffs' motion.

*Wexford's* **"Lippert"** *argument is meritless.* Wexford argues that the Court should not enter the HIPAA order because Plaintiffs cannot take discovery connected to the two reports submitted in *Lippert v. Godinez*. ECF 37 at 2-5, 7, 16-17. This argument is meritless.

Wexford's argument boils down to this: the *Lippert* court forbade the reports' authors from testifying in other cases about the evidence they gathered for the reports, so the *Lippert* reports are hearsay that Plaintiffs cannot introduce "for their truth" at trial. ECF 37 at 2. But Plaintiffs have proposed to do no such thing. Rather, their discovery connects to the *Lippert* reports in two ways. **First**, multiple courts have held that the *Lippert* reports are admissible to prove that they put Wexford on notice of the abysmal care it provides. *See Von Ryburn v. Obaisi*, No. 14-cv-4308, 2020 WL 3868715, at *13 (N.D. Ill. July 9, 2020) ("The Lippert Report is admissible . . . for the non-hearsay purpose of showing that Wexford was on notice of potentially serious shortcomings" of its medical care); *Dean v. Wexford Health Sources, Inc.*, No. 17-cv-3112, 2019 WL 7041649, *2 (C.D. Ill. Dec. 20, 2019) (same, collecting cases). Part of Plaintiffs' discovery—to which Wexford has objected on HIPAA grounds—seeks to gather evidence about how Wexford reacted to the information in the *Lippert* reports, which will reveal whether it took the problems identified in the reports to heart or chose to ignore the reports and continue with business as usual. **Second**, Plaintiffs seek production of documents *underlying* the reports, such as medical records that informed the reports or that the reports reference. Such documents are not hearsay, and courts have ordered their production over Wexford's objection. *See, e.g.*, *Lymon v. Chamberlain*, No. 17-cv-50093, 2020 WL 6940985, at **3-4 (N.D. Ill. Nov. 24, 2020) (holding that "the apparent [medical care] deficiencies found in the records underlying

both the 2014 and 2018 [*Lippert*] reports would clearly be relevant to Plaintiffs' *Monell* claim," and ordering production where the "*Lippert* reports make specific references to categories of documents and inmate files that were reviewed" by the *Lippert* experts). The discovery Plaintiffs have served certainly relates to the *Lippert* reports, but, contrary to Wexford's argument, this discovery is highly likely to lead to the discovery of evidence going to Plaintiffs' *Monell* claims that will be admissible at trial. Much of that discovery includes information about how Wexford treated other prisoners, which is why Plaintiffs seek the HIPAA order.

**Wexford's "Northwestern" argument is meritless.** Wexford next claims that *Northwestern Memorial Hospital v. Ashcroft*, 362 F.3d 923 (7th Cir. 2004) stands for the proposition that because the health care records of other prisoners are private, they should be protected from discovery even if they are relevant to Plaintiffs' *Monell* claims. ECF 37 at 5-8. Notably, the portions of *Northwestern* that Wexford cites have nothing to do with HIPAA—rather they involved an alternative grounds for quashing the subpoena at issue, "which is simply that [under Rule 45(c)(3)(A)(iv),] the burden of compliance with it would exceed the benefit of production of the material sought by it." *Id.* at 927. Wexford goes on to clip isolated quotes from this portion of the *Northwestern* opinion to argue that the Seventh Circuit created a sort of super-privacy rule, *see* ECF 37 at 6-7, but it omits *Northwestern*'s central point: the government did not plan to learn anything from the private medical records it had subpoenaed. As the court explained, "At the oral argument we pressed the government's lawyer repeatedly and hard for indications of what he hoped to learn from the hospital records [at issue], and drew a blank." 362 F.3d at 927. Under any conventional proportionality analysis, the *Northwestern* subpoena should have been quashed. Here, by contrast, Plaintiffs seek to gather information about how Wexford provides medical treatment to other prisoners, because as Plaintiffs explained in their

opening motion, that evidence is central to their *Monell* claims. ECF 35 at 4-6. Wexford never acknowledges this straightforward truth and instead returns to its argument that the *Lippert* reports are inapplicable to Plaintiffs' *Monell* claims. ECF 37 at 7. That argument is wrong for the reasons set out above; and Plaintiffs have served *Monell* discovery unconnected with the *Lippert* reports as well. *See* ECF 35-2 ¶¶ 25, 27, 29, 31, 46. Unlike the "evidence" at issue in *Northwestern*, evidence about how Wexford treats other prisoners in this case is central (indeed, indispensable) to Plaintiffs' *Monell* claims and will be protected by a confidentiality order. *See* ECF 35 at 5-8. Under *Northwestern* it is proportional to the needs of this case.

    ***Wexford's "waiver" arguments are meritless***. Wexford argues that Plaintiffs have "waived" their right to request a HIPAA order by not filing an immediate objection to the order Wexford moved for in May. ECF 37 at 8-9. This argument seeks to take advantage of Wexford's intransigence, and it is wrong on the law in any event. As Wexford itself notes, when Plaintiffs proposed a HIPAA qualified protective order in May, Wexford objected that it was not justified by the existing discovery. *Id.* To address Wexford's complaint, Plaintiffs served additional requests that would clarify the scope of *Monell* discovery at stake. This supposed "delay" in bringing this HIPAA motion was nothing more than an attempt to address the very objection Wexford made when this issue first arose. Plaintiffs should not be penalized for their civil approach to litigation and Wexford should not be permitted to engage in "heads I win, tails you lose" litigation tactics. And Wexford will suffer no prejudice by having a HIPAA order entered now. There is no set deadline for issuing HIPAA orders—they are simply entered at the time that third-party PHI becomes an issue in the litigation. *See, e.g.*, *Bailey v. City of Chicago*, No. 08-cv-4441, 2010 WL 11595680 (N.D. Ill. Oct. 12, 2010) (denying motion to strike Rule

30(b)(6) deposition topics that would lead to disclosure of third-party PHI and instructing the parties to submit a HIPAA order so that the deposition could go forward).

Wexford also argues these are dueling "protective" orders and that Plaintiffs have no standing to move a protective order under Rule 26(c). ECF 37 at 12-13. But these are motions for "protective" orders only because Section 164.512(e)(1)(ii)(B) uses that term. Section 512(e) could just as easily have called them "confidentiality" orders, or another term. And, of course, Plaintiffs' motion is not a discovery motion at all—it simply seeks to comply with a federal regulation. Plaintiffs, furthermore, do not "object" to the existing protective order in the sense Wexford claims. Plaintiffs take no issue with disclosing Mr. Reed's medical records in this case, which is what the first order covers. Plaintiffs merely seek an order—whether in addition to the existing HIPAA order, or supplanting it—that permits medical records of other prisoners to be gathered in a confidential manner as well.

***The authorities cited by Plaintiff are applicable here.*** Wexford tries to distinguish the numerous authorities cited by Plaintiffs. *See* ECF 37 at 13-16. Plaintiffs stand on the applicability of those cases. Among other things, contrary to what Wexford claims, its conduct resembles that in *Haywood v. Wexford Health Sources, Inc.*, No. 16-cv-3566, 2021 WL 2254968, at **3, 15 (N.D. Ill. June 3, 2021), where the court sanctioned Wexford because it was misusing HIPAA to resist third-party discovery. Wexford is engaged in the same conduct here.

Respectfully submitted,

/s/ *Stephen H. Weil*
Stephen H. Weil

Sarah C. Grady
Stephen H. Weil
LOEVY & LOEVY
311 North Aberdeen St., 3rd Floor
Chicago, Illinois 60607
(312) 243-5900

## CERTIFICATE OF SERVICE

I, Stephen Weil, an attorney, hereby certify that on September 29, 2021, I filed a copy of the foregoing via the CM/ECF system, which effected service on all counsel of record.

/s/ *Stephen H. Weil*
Stephen H. Weil

Attorney for Plaintiff