## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF ILLINOIS

Lennisha Reed *et al.*,

            Plaintiffs,

            v.

Wexford Health Sources, Inc., *et al.*,

            Defendants.

Case No. 3:20-cv-01139-SPM

Judge Stephen P. McGlynn

### PLAINTIFFS' MOTION FOR
### EXTENSION OF CASE DEADLINES

Plaintiffs Lennisha Reed and Lenn Reed, Jr., through their counsel, hereby move the Court to modify the scheduling order adopted by the Court on June 2, 2022 (Doc. 62) to extend the deadline to disclose expert witnesses by three months, from July 22, 2022, to October 22, 2022, and the other deadlines in this case by corresponding amounts.  Plaintiffs have consulted with counsel for the Wexford Defendants, who oppose this motion and have indicated that they intend to file a response to this motion.  In support of their motion, Plaintiffs state:

### DISCUSSION

This case arises from the death of Lenn Reed Sr.  Mr. Reed was a prisoner in the Illinois Department of Corrections.  His medical records show that he repeatedly went to the prison infirmary and explained that he was suffering from abdominal pain, but instead of trying to diagnose the cause of this pain, prison medical staff, who are employed by defendant Wexford, repeatedly sent him away with laxatives or similar "remedies" instead.  Eventually, after Mr. Reed had lost more than 50 pounds, Wexford medical staff finally sent him out for diagnosis, which confirmed that he had a progressive cancer.  Then, however, Wexford staff proceeded in an unhurried manner despite efforts of his outside doctors to secure treatment for him.  The result

was that Mr. Reed died of cancer without ever even receiving chemotherapy.  Plaintiffs, who administer Mr. Reed's estate, sued several of Mr. Reed's treatment providers, asserting that they were deliberately indifferent to his medical needs.  They also sued Wexford pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978), charging that the company had a widespread practice of providing inadequate medical care, particularly with respect to its detection of and care for patients with cancer.

On March 22, 2022, Plaintiffs filed a motion for extension of time to complete fact discovery in this case.  *See* Doc. 56.  In that motion, Plaintiffs explained that although they had initiated *Monell* discovery in April 2021, they had been unable to gather any *Monell* discovery since then because of Wexford's plenary resistance to it.  Specifically:

- Plaintiffs explained that Wexford had objected to the entry of a HIPAA protective order that would permit Plaintiffs to gather medical information about other Wexford patients, which is a necessary component of virtually every *Monell* case.  ECF 56 at 2-3.

- Then, once this Court issued a HIPAA-qualified protective order over Wexford's objection, Wexford claimed to be unable to respond to Plaintiff's *Monell* discovery because it lacked information about other patients from the *Lippert* reports.  *Id.* at 3.  To gather the information Wexford claimed it needed, Plaintiffs intervened in the *Lippert* case itself—a move to which Wexford vigorously objected as well.  *Id.* at 3-4.

- Once the *Lippert* court granted Plaintiffs' motion over Wexford's objection, *see id.* at 4, Plaintiffs subpoenaed the IDOC for the medical records of other patients identified in the *Lippert* reports.  *Id.*  In January 2022, when the IDOC refused to respond, Plaintiffs filed a motion to compel with this Court—to which *Wexford* intervened and responded in opposition.  *Id.* at 5.

- Meanwhile, beginning in December 2021, Wexford's counsel shut down Plaintiff's Rule 37 enforcement efforts regarding Wexford's *Monell* discovery responses, on the grounds that two paragraphs in Plaintiffs' complaint were inaccurate—but never identifying what documents supported its contentions, despite Plaintiffs' request that it do so.  *Id.* at 6.

In their March 2022 motion, Plaintiffs explained that because of these barriers, Plaintiffs had been unable to make meaningful progress on fact discovery, and requested an extension of discovery.

2

On May 18, 2022, the Court granted Plaintiffs' motion for and extension and ordered the parties to submit a joint scheduling order, and set the time for disclosure of expert witnesses as July 22, 2022.  Doc. 60.  Since that time, Plaintiffs have experienced some temporary, yet significant, administrative challenges over the past months due to firm staff shortages, which have impacted Plaintiffs' counsel's ability to prosecute discovery in this case.  In particular, the leader of Plaintiffs' prisoner rights practice group abruptly departing the firm, creating a significant, though temporary, staffing problems as the firm has needed to shift resources and deal with the departure administratively.  To continue prosecuting discovery in this and other cases, Plaintiffs' firm has hired two experienced contract attorneys and put them on this case. Those attorneys have been able to resume an aggressive deposition schedule, and have either conducted or have scheduled eight depositions between the last week of June and the first week of August.  These depositions cover the bulk of witnesses who provided medical care to Mr. Reed.  In addition, Plaintiffs have also made themselves available to be deposed.

In short, despite some headwinds Plaintiffs have been diligent in prosecuting discovery. While discovery regarding Plaintiff's immediate care is being completed, however, Plaintiffs' *Monell* discovery remains to be taken.  The core of Plaintiffs' *Monell* discovery—Plaintiffs' motion to enforce their subpoena to the IDOC, *see* Doc. 44—remains under advisement. Plaintiffs will also move forward with discovery enforcement against Wexford now that Wexford's objection to the allegations in Plaintiff's complaint have been resolved with the filing of a new complaint, ECF 63.  But fundamentally, because of Wexford's resistance to any *Monell* discovery summarized *supra*—even discovery targeted at third parties like the IDOC and the Uptown People's Law Center (in the ancillary *Lippert* litigation, *see* Doc. 56 at 4)—Plaintiffs require more time to complete their *Monell* discovery in this case.

3

Plaintiffs' counsel contacted Wexford's counsel and asked for an extension. Wexford's counsel objected, claiming that Plaintiffs had been dilatory in conducting depositions, since Plaintiffs' fact depositions started the last week of June. The depositions started then, however, due to the temporary staffing problem Plaintiffs describe above, which Plaintiffs' counsel fixed by hiring two contract attorneys. Wexford's counsel also objects on grounds that this case has no merit. But defendants always say that, and Wexford makes that claim as the fact depositions of Mr. Reed's treaters are underway. Plaintiffs should be allowed to complete their discovery.

Plaintiffs intend to continue moving forward with *Monell* enforcement. But, Plaintiffs should not penalized because Wexford has aggressively resisted their *Monell* discovery. In light of the foregoing, Plaintiffs respectfully submit that there is good cause for the Court extend the current deadlines to give the parties enough time to complete fact witness depositions and continue *Monell* discovery before providing expert reports, with the following schedule:

1. Expert witnesses shall be disclosed, along with a written report prepared and signed by the witness pursuant to Federal Rule of Civil Procedure 26(a)(2), as follows:

    a. Plaintiff's expert(s): October 21, 2022.

    b. Defendant's expert(s): December 23, 2022.

    c. Third Party expert(s): N/A.

2. Depositions of expert witnesses must be taken by:

    a. Plaintiff's expert(s): November 11, 2022.

    b. Defendant's expert(s): January 13, 2022.

    c. Third Party expert(s): N/A.

3. Discovery shall be completed by January 13, 2022.

4. All dispositive motions shall be filed by February 14, 2022.

No party will be prejudiced by these extensions.

4

**WHEREFORE**, for the reasons set forth herein, Plaintiffs respectfully request that the Court extend the deadline for the submission of Plaintiff's expert reports from July 22, 2022, to October 22, 2022, and all other deadlines by a corresponding amount.

Dated: July 22, 2022                              Respectfully submitted,

                                                  /s/ *Stephen H. Weil*
                                                  Stephen H. Weil
                                                  Counsel for Plaintiffs

Jon Loevy
Steve Weil
Alison Bitterly
Michael Falconer
LOEVY & LOEVY
311 North Aberdeen St., 3rd Fl.
Chicago, IL 60607
(312) 243-5900
weil@loevy.com