047782/19344/TPD/RCW

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LENNISHA REED and LENN REED JR., as Co-Administrators of the Estate of LENN REED, SR., #B28789,<br><br>Plaintiff,<br><br>v.<br><br>WEXFORD HEALTH SOURCES, INC., VIPIN SHAH, STEPHEN RITZ, and FAIYAZ AHMED,<br><br>Defendants. | Case Number 3:20-cv-01139-SPM<br><br>Judge Stephen P. McGlynn |

## RESPONSE TO PLAINTIFFS' SECOND MOTION FOR EXTENSION FOR THEIR EXPERT DISCLOSURES

COME NOW Defendants WEXFORD HEALTH SOURCES, INC., VIPIN SHAH, M.D., and STEPHEN RITZ, D.O., by and through their attorneys, CASSIDAY SCHADE LLP, and for their Response to Plaintiffs LENNISHA REED'S and LENN REED JR.'S, as Co-Administrators of the Estate of LENN REED, SR., Second Motion for Extension of Time for their Expert Disclosures (Doc. 72), state as follows:

### INTRODUCTION

Plaintiffs' Complaint was filed on October 28, 2020. Plaintiffs last requested a four-month extension of time for their expert disclosures on March 22, 2022 but waited until June 1, 2022 to request a deposition. Yet, on short order Defendants made Dr. Shah, Dr. Ahmed, and four non-party witnesses available for deposition. Yet, Plaintiffs now seek another extension, for three months, of their expert disclosure deadlines. Plaintiffs' Motion is an attempt to further delay this matter. In the twenty months since this case was initiated, no evidence has been produced in support of Plaintiffs' claims. In the face of this dearth of evidence, Plaintiffs have

engaged in a pattern of false representations about known, objective facts, including at present "Mr. Reed died of cancer without ever even receiving chemotherapy." This is patently false as Mr. Reed undisputedly underwent surgery, radiation, and chemotherapy. Defendants are entitled to evidence in support of Plaintiffs' claims filed twenty months ago or, if no such evidence exists, Defendants are entitled to a resolution in this case. Accordingly, Plaintiffs' Motion for Extension of Time for Expert Disclosures should be denied.

## PROCEDURAL HISTORY

1. Plaintiffs' Complaint was filed on October 28, 2020. Plaintiffs' Complaint alleges medical malpractice, which requires an attestation from a healthcare professional that, after review of the records, Plaintiffs' claims are meritorious. (Doc. 1). Yet, no 735 ILCS 5/2-622 report or affidavit was attached.

2. A scheduling order was entered by consent on March 1, 2021, nearly a year and a half ago. This schedule provided more than ample time for Plaintiffs to discover evidence. Plaintiffs' expert disclosure date, agreed to by Plaintiffs, was March 22, 2022. (Doc. 27). But by March 22, 2022, more than a year later, Plaintiffs had not even sought a deposition.

3. On the day of the deadline, March 22, 2022, Plaintiffs filed a Motion for Extension of Time for their Expert Disclosures, seeking four more months to disclose their expert. (Doc. 56). Plaintiffs' Motion was granted over Defendants' objection.

4. More than two months later, on June 1, 2022, Plaintiff first sought to depose a defendant. Ms. Grady departed Loevy & Loevy that same week.

5. After Plaintiffs' request, Defendants promptly made witnesses available, including Dr. Ahmed, Dr. Shah, and four non-party nurses. Defendants have also deposed Plaintiffs and Dr. Saba, Mr. Reed's treating oncologist.

**ARGUMENT**

Plaintiffs proffer that additional time is needed for *Monell* discovery, yet the request seeks an extension of time for expert disclosures. Plaintiffs have until October 14, 2022 to continue conducting discovery. To the extent Plaintiffs seek an extension for *Monell* discovery, no such extension is necessary at this time and Plaintiffs' Motion should be denied as moot.

Nonetheless, *Monell* discovery has been conducted. Defendants deposed Mr. Reed's (non-Wexford) treating oncologist, Dr. Saba, to provide an expert education and explanation of Mr. Reed's care. Dr. Saba testified that Mr. Reed's cancer was incurable, yet he underwent surgery and palliative radiation and chemotherapy. Most notably, **he testified that in the 13 years he has treated prisoners at Lawrence Correctional Center for cancer and he, "cannot say there is a pattern of delay or bureaucracy like with delayed cancer care over there."** (Exhibit A, Excerpts from Dr. Saba's Deposition, 94-97). To suggest a lack of *Monell* evidence when the oncologist that has treated patients at Lawrence Correctional Center for 13 years has seen no delay in cancer care is disingenuous at best. There has been *Monell* discovery and it does not support Plaintiffs' claims.

Regarding the expert disclosure deadlines, Plaintiffs fail to make any reasonable justification for their request for additional time. In fact, 735 ILCS 5/2-622 requires review by a medical professional before initiating the claim, yet Plaintiffs have produced no such affidavit in the past twenty months since they filed the Complaint. This is an unreasonable delay without any justification. See *Young v. United States*, 942 F.3d 349 (7th Cir. 2019)(allowing a 735 ILCS 5/2-622 affidavit be submitted after the initial filings but dismissing the complaint when no affidavit was submitted six months later).

Even setting aside the 735 ILCS 5/2-622 issues, Plaintiffs first sought a deposition on June 1, 2022. On short notice, Defendants acted promptly and made Dr. Shah, Dr. Ahmed, and four non-party nurses available for their depositions. In fact, the first deposition that occurred in this case was Defendants seeking the deposition of Mr. Reed's treating oncologist, Dr. Saba. As discussed above and below, Dr. Saba's testimony was not supportive of Plaintiffs' claims against Defendants. In fact, all providers have explained that Mr. Reed's cancer was incurable, yet several palliative measures were taken to treat his cancer. Meanwhile, Plaintiffs have produced no evidence in support of their claims.

Plaintiffs blame their failure to act on the departure of one attorney. Ms. Grady ended her employment with Loevy & Loevy in June 2022, the same week Plaintiffs first sought a deposition.[1] Even after her departure, she has continued to work with Plaintiffs' counsel, filing identical motions in cases being handled by Loevy & Loevy. *Wiley v. Wexford*, 3:21cv599, (S.D. Il.) (Doc. 73). Nonetheless, Plaintiffs do not explain why no deposition requests were made before her departure, either in the ten weeks after their last request for an extension of time or in the twenty months this case has been pending. The issue here is not insufficient time or insufficient staffing. Loevy & Loevy is a sizable firm with an abundance of resources.[2] Moreover, five attorneys have entered their appearance for Plaintiffs, only one of which entered since Ms. Grady's departure.

The issue here is a pattern of delay to deny Defendants meaningful discovery. Plaintiffs did not produce the medical records for the relevant dates of treatment until December 2021 (despite Defendants' April 2021 requests). Plaintiffs undeniably had the records at the time of drafting the Complaint, as Plaintiffs quoted portions of them, but prepared a Complaint that contradicted the medical records. Plaintiffs themselves have testified they have no evidence for

---

[1] https://www.linkedin.com/in/sarah-grady-3a19517
[2] https://www.loevy.com/attorneys/

their medical allegations but rely solely on their counsel. Yet, their counsel has acknowledged a lack of understanding of the medical records and had to seek to amend the Complaint due to erroneous allegations contradicted by all medical records. (Doc. 54, p. 5, "Lawyers make mistakes, and it is possible that plaintiff [sic] counsel made one here.").

Once Plaintiffs' errors were known, Plaintiffs continue to make false representations about the objective facts in this case. For example, Plaintiffs' Motion proffers to this Court that "Mr. Reed died of cancer without ever even receiving chemotherapy." Not only did Mr. Reed receive chemotherapy, surgery, and radiation, it was Mr. Reed's oncologists at Carle Hospital and Dr. Saba who determined when/if palliative chemotherapy was appropriate. Dr. Saba expressly testified that he was not waiting on any approval from Wexford (the medical team at the facility) during this time. He further explained that Mr. Reed's molecular profile of his cancer showed that his cancer was very high risk and resistant to treatment with an extremely poor prognosis and chemotherapy could end up making his condition worse. Nonetheless, at Mr. Reed's request, he first ordered chemotherapy on December 19, 2018 to begin in two weeks, which Mr. Reed received on January 2, 2019. (Ex. A, 45-48; 54-57; 65-77; 81-86; 89-90; 136).

Again, Defendants have significant concerns that Plaintiffs are prosecuting claims without a good faith basis in fact and law. It appears that Plaintiffs have filed a claim of a delay in cancer care without consulting any medical professionals and proceed to litigate the same claims despite all evidence to the contrary. Given these issues and the issues raised in Defendants' prior objections to continuing the expert disclosure deadlines (Doc. 58), Defendants cannot in good faith agree to three more months of discovery without any production of opinion evidence. Defendants are entitled to know what opinion evidence Plaintiffs rely on for their medical malpractice claims. Plaintiffs are either withholding evidence or, more likely, have been unable to obtain supportive

5

medical opinions for their allegations. Either reason does not justify further delay, and Plaintiffs' Second Motion for Extension of Time should be denied.

      WHEREFORE, Defendants WEXFORD HEALTH SOURCES, INC., VIPIN SHAH, M.D., and STEPHEN RITZ, D.O., respectfully request that this Honorable Court deny Plaintiffs' Second Motion for Extension of Time and for whatever further relief it deems fair and just.

                                  CASSIDAY SCHADE LLP

                                  By:  /s/ Jaclyn Kinkade
                                        One of the Attorneys for Defendants WEXFORD HEALTH SOURCES, INC., VIPIN SHAH, M.D., and STEPHEN RITZ, D.O.

Jaclyn Kinkade
ARDC No. 6333722
CASSIDAY SCHADE LLP
100 North Broadway, Suite 1580
St. Louis, MO 63102
(314) 241-1377
(314) 241-1320 (Fax)
jkinkade@cassiday.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 27, 2022, I electronically filed the foregoing with the Clerk of the Court for the Southern District of Illinois using the CM/ECF system. The electronic case filing system sent a "Notice of E-Filing" to the following:

ATTORNEYS FOR DEFENDANT, FAIYAZ AHMED, M.D.:
Keith Hill
Heyl, Royster, Voelker & Allen, P.C.
105 West Vandalia, Suite 100
Edwardsville, IL 62025
Telephone 618.656.4646
Facsimile 618.656.7940
khill@heylroyster.com

ATTORNEY FOR DEFENDANT, ILLINOIS DEPARTMENT OF CORRECTIONS:
Tara Barnett
Assistant Attorney General
201 West Pointe Dr., Ste. 7
Swansea, IL 62226
(618) 236-8781
tara.barnett@ilag.gov


ATTORNEYS FOR PLAINTIFFS:
Sarah Copeland Grady, Esq.
Jon I. Loevy
Stephen H. Weil
Loevy & Loevy
311 N. Aberdeen Street, Third Floor
Chicago, IL 60607
sarah@loevy.com
jon@loevy.com
weil@loevy.com

/s/ Jaclyn Kinkade