**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| Lennisha Reed and Lenn Reed Jr., as Co-administrators of the Estate of Lenn Reed Sr., | |
| Plaintiffs, | Case Number 3:20-cv-01139-SPM |
| v. | Judge Stephen P. McGlynn |
| Wexford Health Sources, Inc., *et al.*, | |
| Defendants. | |

# EXHIBIT 1

047782/19344/TPD/RCW

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LENNISHA REED and LENN REED JR., as Co-Administrators of the Estate of LENN REED, SR., #B28789, | |
| Plaintiff, | Case Number  3:20-cv-01139-SPM |
| v. | |
| WEXFORD HEALTH SOURCES, INC., VIPIN SHAH, STEPHEN RITZ, and FAIYAZ AHMED, | District Judge Stephen P. McGlynn |
| Defendants. | |

**RESPONSES TO REQUESTS FOR PRODUCTION**

COME NOW Defendants, WEXFORD HEALTH SOURCES, INC., VIPIN SHAH, M.D., and STEPHEN RITZ, D.O., by and through their attorneys, CASSIDAY SCHADE LLP, and for their Responses to Requests for Production propounded by Plaintiffs, LENNISHA REED and LENN REED, JR., as Co-Administrators of the Estate of LENN REED, SR., #B28789, state as follows:

**INSTRUCTIONS AND DEFINITIONS**

Defendants object to Plaintiffs' definitions and instructions to the extent that they impose any greater burden on Defendants than that imposed under the Federal Rules of Civil Procedure.

**RESPONSES TO REQUESTS FOR PRODUCTION**

1. All Documents and Communications that relate to, support, and/or rebut any of the allegations or claims in Plaintiff's Complaint in this action.

**RESPONSE:  Defendants object that this request could encompass information protected from disclosure by attorney-client privilege, insurer-insured privilege, and work product privilege.**

**Defendants also object that this request is vague and overbroad, in that it is unclear what may be deemed to "relate to, support, and/or rebut any of the allegations or claims in Plaintiff's Complaint."  Plaintiff defines "relating to" as "directly or indirectly mentioning**

or describing, pertaining to, being connected with, reflecting upon, or having any logical or factual connection with a stated subject matter." Applying that definition to this request, the limits on the universe of potentially responsive documents is extremely broad and hazily defined. Further, federal courts have noted that requests, such as Interrogatory No. 14, that require production of all documents Defendants may rely upon are overbroad. *See, e.g., M. McGee Design Studio v. Brinson*, 1994 U.S. Dist. LEXIS 9789, *28, 1994 WL 380613 (N.D. Ill. July 18, 1994).

Subject to the foregoing objections, Defendants respond that they anticipate that Decedent's medical records will provide the most salient documented information relevant to this case. Defendants' investigation continues.

2. All Documents and Communications that relate to, support, and/or rebut any Defendant's Affirmative Defenses or Answer, including all Documents upon which you may rely at trial.

RESPONSE: Defendants object that this request could encompass information protected from disclosure by attorney-client privilege, insurer-insured privilege, and work product privilege.

Defendants also object that this request is overbroad, in that it is unclear what may be deemed to "relate to, support, and/or rebut any Defendant's Affirmative Defenses or Answer." Plaintiff defines "relating to" as "directly or indirectly mentioning or describing, pertaining to, being connected with, reflecting upon, or having any logical or factual connection with a stated subject matter." Applying that definition to this request, the limits on the universe of potentially responsive documents are extremely broad and hazily defined. Further, federal courts have noted that requests, such as Interrogatory No. 14, that require production of all documents Defendants may rely upon are overbroad. *See, e.g., M. McGee Design Studio v. Brinson*, 1994 U.S. Dist. LEXIS 9789, *28, 1994 WL 380613 (N.D. Ill. July 18, 1994).

Subject to the foregoing objections, Defendants state that they anticipate that Decedent's medical records will provide the most salient documented information relevant to this case. Defendants' investigation continues.

3. All Documents and Communications that support, relate to, or which were consulted for any of your responses to any of Plaintiff's Interrogatories and Requests to Admit in this case.

Please note your continuing obligation to supplement this request pursuant to Federal Rule of

Civil Procedure 26(e).

**RESPONSE: Defendants object that this request could encompass information
protected from disclosure by attorney-client privilege, insurer-insured privilege, and work
product privilege.**

**Defendants also object that this request is overbroad, in that it is unclear what may
be deemed to "support, relate to, or which were consulted for any of your responses to any
of Plaintiffs' Interrogatories and Requests to Admit in this case." Plaintiff defines "relating
to" as "directly or indirectly mentioning or describing, pertaining to, being connected with,
reflecting upon, or having any logical or factual connection with a stated subject matter."
Applying that definition to this request, the limits on the universe of potentially responsive
documents are extremely broad and hazily defined. Additionally, this request refers to
requests to admit but Plaintiffs have not propounded such requests in this matter to date.**

**Subject to the foregoing objections, Defendants state that they anticipate that
Decedent's medical records will provide the most salient documented information relevant
to this case. Defendants' investigation continues.**

4. All Documents obtained from third parties regarding Plaintiffs, Decedent, witnesses

involved in this litigation, and/or the allegations in Plaintiffs' Complaint (via subpoena or

otherwise).

**RESPONSE: Defendants object that this request could encompass information
protected from disclosure by attorney-client privilege, insurer-insured privilege, and work
product privilege. Subject to that objection, Defendants will produce to Plaintiffs
documents obtained from third parties as appropriate under the Federal Rules of Civil
Procedure and anticipate producing all documents obtained via subpoena pertaining to
Decedent to Plaintiffs.**

5. The Decedent's full and complete inmate file and/or Master File.

**RESPONSE: Defendants do not have possession, custody, or control of the IDOC
Master File on Lenn Reed.**

6. All Documents relating to Complaints (including grievances) made by or on behalf of

Decedent, and the disposition of any Complaints, including but not limited to any responses by a

3

correctional counselor, Grievance Officer, Warden, Director, and/or the Administrative Review Board, and any appeals.

**RESPONSE: Defendants object that this request is overbroad, in that it is unclear what may be deemed "relating to Complaints (including grievances) made by or on behalf of Decedent." Plaintiff defines "relating to" as "directly or indirectly mentioning or describing, pertaining to, being connected with, reflecting upon, or having any logical or factual connection with a stated subject matter." Applying that definition to this request, the limits on the universe of potentially responsive documents are extremely and hazily defined. Defendants further object that this request could encompass information protected from disclosure by attorney-client privilege, insurer-insured privilege, and work product privilege. Subject to those objections, Defendants respond that they have not yet obtained documents pertaining to grievances made by Decedent.**

7. All medical and mental health records pertaining to Decedent, including but not limited to intake evaluation records and/or any other records of medical evaluations, prescription orders, medication administration records, progress notes and/or any other records documenting medical evaluation and/or treatment, records of testing, results of any testing, laboratory reports, mental health evaluations and/or any other records of mental health treatment, requests for approval to refer Decedent for treatment by a third-party healthcare provider, approval and/or denial of a referral for Decedent for treatment by a third-party healthcare provider, and any Communication(s) made to any third-party healthcare provider(s).

**RESPONSE: Defendants object that this request could encompass information protected from disclosure by attorney-client privilege, insurer-insured privilege, and work product privilege. Subject to that objection, Defendants will produce to Plaintiffs documents obtained from third parties as appropriate under the Federal Rules of Civil Procedure and anticipates producing all medical and mental health records obtained via subpoena pertaining to Decedent to Plaintiffs.**

8. All Documents relating to requests for evaluation and/or treatment made by or on behalf of Decedent, and the disposition of any requests (including any responses). This request

includes but is not limited to sick call slips, sick call logs, request forms, "kites," letters, or

similar Documents reflecting a request for evaluation and/or treatment for Decedent.

**RESPONSE: Defendants object that this request could encompass information
protected from disclosure by attorney-client privilege, insurer-insured privilege, and work
product privilege. Subject to the foregoing objections, Defendants respond that they
anticipate that Decedent's medical records will provide responsive information.
Defendants' investigation continues.**

9. All Documents containing, constituting, and/or memorializing Communications of any

kind relating to Plaintiffs, the Decedent, or any of the allegations or events described in

Plaintiff's Complaint. This request includes but is not limited to the following Communications:

a. All Communications between any of the Defendants and Decedent;
b. All Communications amongst any of the Defendants;
c. All Communications between any of the Defendants and any third-party healthcare
provider(s) or one or more of the healthcare provider's employee(s) or agent(s);
d. All Communications between any of the Defendants and one or more employee(s) or
agent(s) of the IDOC;
e. All Communications between any of the Defendants and one or more employee(s) or
agent(s) of Wexford; and
f. All Communications between any of the Defendants, including one or more
employee(s) or agent(s) of Wexford and the IDOC, and any other third party.

Please note, as detailed in the Definitions above, that "Communications" includes memos,

letters, notes, facsimiles, electronic mail, mail, text messages, reports, photographs, audio

recordings, and video recordings.

**RESPONSE: Defendants object that this request is not crafted to seek information
that is relevant to any party's claim or defense and proportional to the needs of the case,
considering the importance of the issues at stake in the action, the amount in controversy,
the parties' relative access to relevant information, the parties' resources, the importance of
the discovery in resolving the issues, and whether the burden or expense of the proposed
discovery outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(1). Defendants object that
this request could encompass information protected from disclosure by attorney-client
privilege, insurer-insured privilege, and work product privilege. Subject to that objection,
Defendants are investigating communications pertaining to Decedent and intend to produce
certain such documents if they are not subject to a claim of privilege.**

10. All other Documents and Communications relating to Decedent not produced in response to Requests No. 5–9, above, including but not limited to incident reports, cumulative counseling summaries, offender tracking system records, disciplinary cards, inmate records, meeting notes, logs, orders, referrals, statements, reports, personal notes, or personal files of any kind.

**RESPONSE: Defendants object that this request is not crafted to seek information that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.** *See* **Fed. R. Civ. P. 26(b)(1). Defendants object that this request could encompass information protected from disclosure by attorney-client privilege, insurer-insured privilege, and work product privilege. Subject to that objection, Defendants are investigating communications pertaining to Decedent and intend to produce responsive documents if they are not subject to a claim of privilege.**

11. Any witness statements relating to any of the allegations in Plaintiff's Complaint.

**RESPONSE: Defendants object that this request could encompass information protected from disclosure by attorney-client privilege, insurer-insured privilege, and work product privilege. Subject to the that objection, Defendants respond that they anticipate that Decedent's medical records may contain statements that relate to allegations in Plaintiffs' Complaint. Defendants' investigation continues.**

12. All Documents containing, constituting, and/or memorializing Communications of any kind between any of the Defendants, or their counsel, agents, representatives, or any Person working on their behalf, and any Person who may have discoverable information or knowledge of the allegations in Plaintiff's Complaint or Defendants' Answers or Affirmative Defenses to Plaintiff's Complaint, including but not limited to any witness disclosed by any of the parties under Federal Rule of Civil Procedure 26 or in response to interrogatories, relating to Plaintiff and/or the allegations in Plaintiff's Complaint.

**RESPONSE: Defendants object that this request is not crafted to seek information that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.** *See* **Fed. R. Civ. P. 26(b)(1). Defendants object that this request could encompass information protected from disclosure by attorney-client privilege, insurer-insured privilege, and work product privilege. Subject to that objection, Defendants are investigating communications pertaining to Decedent and intend to produce such documents if they are not subject to a claim of privilege.**

13. All Documents relating to any and all criminal convictions of any Person identified by any of the parties under Rule 26 or identified by any party in response to interrogatories. Please note your continuing obligation to supplement this request pursuant to Rule 26(e), which remains ongoing as discovery progresses, and be advised that Plaintiff intends to move *in limine* to bar any references to convictions not identified in the manner requested.

**RESPONSE:  Defendants object that this request is not crafted to seek information that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Additionally, Defendants object that releasing this personal and private information in Defendants' personnel files poses a risk to the safety of the defendants and exposes them to harassment.** *See* **Fed. R. Civ. P. 26(b)(1).**

14. Full and unredacted copies of any insurance policies, contracts, or indemnification agreements that could or might provide coverage to any of the Defendants for any of the allegations in Plaintiff's Complaint.

**RESPONSE:  Defendants will produce the applicable insurance policy upon entry of a suitable protective order.**

15. All Documents sufficient to show the identities of all Wexford employees or agents who evaluated, provided medical or mental health care to, or administered medication to Decedent at any point between January 1, 2017 and January 19, 2019.

**RESPONSE:  Defendants respond that they anticipate that Decedent's medical records will provide responsive information.  If supplemental information is needed to identify a particular person in the medical records, after they are obtained by Defendants, Plaintiffs can request identification of that person, and Defendants will identify them.**

16. All Documents reflecting the job descriptions, duties, and responsibilities of the positions held by each of the Individual Defendants from January 1, 2010 through the present. If one or more of the Individual Defendants were not employed by either the IDOC or Wexford on January 1, 2010, please provide all Documents reflecting the job descriptions, duties, and responsibilities of the positions they held from the date of their hiring through the present. If one or more of the Individual Defendants are no longer employed by either the IDOC or Wexford, please provide all Documents reflecting the job descriptions, duties, and responsibilities of the positions held from January 1, 2010 through the last date of their employment with the IDOC or Wexford.

**RESPONSE:   Vipin Shah, M.D., was the Medical Director for Robinson Correctional Center, but he worked approximately one to two days per week at Lawrence Correctional Center during 2018 and 2019.  Stephen Ritz, D.O., was the Corporate Utilization Management Medical Director.  Defendants will produce the contract between Wexford and the Illinois Department of Healthcare and Family Services and the Illinois Department of Corrections, after entry of an appropriate protective order, which provides a job description for a Medical Director, and will produce a document containing a job description for Corporate Utilization Management Medical Director.**

17. The complete personnel file, employee file, and/or contractor file for each of the Individual Defendants, including but not limited to employment applications, resumes, job requirements and qualifications, employment records, employment evaluations, personnel files,

performance evaluations, performance appraisal, peer reviews, collegial reviews, training histories, records of training received, disciplinary records, Complaints, and any other documents relating to employment.

**RESPONSE:  Defendants object that this request is not crafted to seek information that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Additionally, Defendants object that releasing this personal and private information in Defendants' personnel files poses a risk to the safety of the defendants and exposes them to harassment.  *See* Fed. R. Civ. P. 26(b)(1).**

18. All Documents relating to the medical credentials and qualifications of each of the Individual Defendants. This request includes but is not limited to proof of licensing, certification, and/or registration; all Communications to and from state licensing bodies, certifying, and/or disciplinary bodies; resumes or curriculum vitae; and all training records.

**RESPONSE:  Defendants object that this request is not crafted to seek information that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Additionally, Defendants object that releasing this personal and private information in Defendants' personnel files poses a risk to the safety of the defendants and exposes them to harassment.  *See* Fed. R. Civ. P. 26(b)(1).**

19. All Documents relating to any Individual Defendant's hiring, promotion, demotion, pay raise, pay cut, employee review, duties, disciplinary review, commendation, reprimand, censure, termination, or resignation in the course of his employment with Wexford or the IDOC, including Communications by Defendants or their agent(s) on those subjects.

**RESPONSE:  Defendants object that this request is not crafted to seek information that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of**

the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. **Additionally, Defendants object that releasing this personal and private information in Defendants' personnel files poses a risk to the safety of the defendants and exposes them to harassment.** *See* **Fed. R. Civ. P. 26(b)(1).**

20. All Documents relating to any and all arrests, detentions, prosecutions, and criminal history of any Individual Defendant, including but not limited to arrest reports, offense reports, criminal complaints, certified convictions, or sentencing Documents.

**RESPONSE:  Defendants object that this request is not crafted to seek information that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Additionally, Defendants object that releasing this personal and private information in Defendants' personnel files poses a risk to the safety of the defendants and exposes them to harassment.** *See* **Fed. R. Civ. P. 26(b)(1).**

21. Documents that support a claim that any of the Individual Defendants acted inconsistently with any of the policies and practices of Wexford, the IDOC, and/or policies and practices in place at Lawrence at any time during any of the events or circumstances described in Plaintiff's Complaint.

**RESPONSE: Defendants object that this request could encompass information protected from disclosure by attorney-client privilege, insurer-insured privilege, and work product privilege.  Subject to that objection, Defendants respond that they have not identified documents responsive to this request.  While Plaintiff alleges that Wexford staff delayed diagnosing and treating Decedent's colon cancer, Wexford has not yet discovered information that confirms these allegations.  Defendant's investigation continues.**

22. Documents in your possession relating to any investigation undertaken by Defendants or the IDOC, or any employee or agent of Defendants or the IDOC, into Decedent, his death, or any of the allegations in Plaintiff's Complaint, including any and all attachments and any investigator notes.

**RESPONSE: Defendants object that this request could encompass information protected from disclosure by attorney-client privilege, insurer-insured privilege, work product privilege, and peer review privilege under the Illinois Medical Studies Act, 735 ILCS 5/8-2101. Subject to the foregoing objections, Defendants state that they anticipate that Decedent's medical records will contain some of the types of documents requested. Defendants' investigation continues.**

23. Documents relating to any Complaint of any Person alleging any kind of misconduct committed by any Individual Defendant within the scope of his or her employment at Lawrence.

**RESPONSE: Defendants' object that this request is vague and ambiguous on the scope of what is defined as a "Complaint" of "any kind of misconduct." This request could be interpreted to seek to impose a burden of researching this information that is available to Plaintiff and her counsel through public records—including PACER. The request is also overbroad, as it is not limited in scope in any manner to issues relevant to Plaintiffs' claims or Defendants' defenses in this matter. As such, the request seeks to impose a burden on Defendants that is beyond that required by the Federal Rules of Civil procedure, in that it is not crafted to seek information that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(1).**

24. Documents relating to training given to and/or given by each of the Individual Defendants pertaining to providing prisoners access to medical and mental health care, responding to prisoners' requests for medical or mental health care, evaluating prisoners' medical or mental health Complaints, providing medical or mental health treatment to prisoners, providing medication to prisoners, and/or referring prisoners for treatment by an outside healthcare provider. This request includes any training manuals, employment manuals, employee handbooks, procedural guides, or similar Documents provided to any of the Individual Defendants.

**RESPONSE: Defendants object that this request is not crafted to seek information that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy,**

11

the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Additionally, Defendants object that releasing this personal and private information in Defendants' personnel files poses a risk to the safety of the defendants and exposes them to harassment.  *See* Fed. R. Civ. P. 26(b)(1).

25. Documents relating to deaths of IDOC prisoners from cancer between January 1, 2010 through January 1, 2020, including but not limited to medical and mental health records, death reviews, mortality and morbidity reports, investigative Documents, incident reports, and Communications.

RESPONSE: Defendants object that this request is overly broad and unduly burdensome, as it is not limited in scope of medical conditions at issue, geographical location, or to a time period relevant to this case, and so is not crafted to seek information relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  *See* Fed. R. Civ. P. 26(b)(1).

Defendants also object that production of medical records on any inmate other than Plaintiff would violate HIPAA and HITECH.

27. Documents relating to all Complaints by an IDOC prisoner, or any other Person, concerning delay in diagnosis or treatment of cancer. This request is limited to the past ten years.

RESPONSE:  Defendants object that this request is overly broad and unduly burdensome, as it is not limited in scope of medical conditions at issue, geographical location, or to a time period relevant to this case, and so is not crafted to seek information relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  *See* Fed. R. Civ. P. 26(b)(1).

Defendants also object that production of medical records on any inmate other than Plaintiff would violate HIPAA and HITECH.

29. Documents containing, memorializing, or pertaining to requests by Wexford or any of its employees or agents for evaluation, consultation, or treatment of prisoners at Lawrence by an outside healthcare provider. This request includes but is not limited to referral requests, requests for consultation, reports of consultation, collegial reviews, authorization comments, pre-certification notifications, non-approval/approval forms, launch reports, certifications of service, daily activity reports, and all other utilization management documentation. This request is limited to the past ten years.

**RESPONSE:  Defendants object that this request is overly broad and unduly burdensome, as it is not limited in scope of medical conditions at issue or to a time period relevant to this case, and is otherwise not crafted to seek information relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  *See* Fed. R. Civ. P. 26(b)(1).**

**Defendants also object that production of medical records on any inmate other than Plaintiff would violate HIPAA and HITECH.**

30. All Documents, including but not limited to manuals, protocols, procedural guides, rules, policies, practices, guidelines, and training materials, from the period of January 1, 2010 to January 1, 2020 (including any changes to any of the above-mentioned materials) regarding the following subjects:

    a. Access to medical evaluation or treatment by prisoners;
    b. Provision of medical and care to prisoners;
    c. Medical services provided at Lawrence;
    d. Transfer of prisoners to offsite medical facilities for evaluation or treatment, including payment by Defendants or the IDOC for treatment at outside medical facilities;
    e. Communications amongst and between medical staff regarding a prisoner's health, including any Complaints;
    f. Requests by prisoners for medical attention, evaluation, or treatment;
    g. Documentation of encounters with medical evaluations of, medical treatment to, and requests for medical treatment by prisoners;
    h. Healthcare staffing levels at Lawrence;

i. Treatment protocols;
j. Utilization review management;
k. Quality improvement program(s);
l. Diagnosis, evaluation, and treatment for cancer;
m. Diagnosis, evaluation, and treatment for colon cancer;
n. Diagnosis, evaluation, and treatment for sudden or dramatic weight loss; and
o. Differential diagnosis.

**RESPONSE:  Defendants object that this request consists of 15 discrete requests, which, in addition to the other requests by Plaintiff, exceeds the number of interrogatories permitted under Fed. R. Civ. P. 33(a)(1) without consent or leave of court.  Defendants further object that this request is overbroad in scope, unduly burdensome, and not proportional to the needs of the case.  *See* Fed. R. Civ. P. 26(b).  Defendants also object that several of the categories listed are overly broad, vague, have marginal relevance, and little probative value. Fed. R. Civ. P. 33(b)(4); 34(b)(1)(A); *Booker v. McCarty*, 2017 U.S. Dist. LEXIS 182753 \*3-4 (S.D. Ill., Nov. 3, 2017) (Requests for "any and all" IDOC policies, directives, regulations, or documents received from county jail regarding the Plaintiff were overly broad, compound, of marginal relevance, and little probative value.)  For instance, Plaintiff has requested production of all policies, practices, and procedures regarding "provision of medical care to prisoners," which could be interpreted to include everything Wexford does in Illinois.**

**Subject to and without waiving those objections, Defendants state that policies and procedures governing provision of medical care services at Lawrence Correctional Center are generally those issued by the Illinois Department of Corrections ("IDOC") in the form of administrative directives and institutional directives.  Wexford has prepared policies and procedures manuals, but for the purpose of provision of medical care to inmates at Lawrence Correctional Center, the IDOC administrative directives and institutional directives, where applicable, supersede Wexford policies and procedures manuals.  Administrative directives and institutional directives are subject to change by the IDOC and do change over time and are maintained by the IDOC.  The IDOC possesses the applicable set of policies for the time of interest to Plaintiffs.**

**Wexford further responds by stating that it published Medical Guidelines for its practitioners in the State of Illinois that were effective in 2018, during the events stated in the Complaint.  As noted in Wexford's Responses to Interrogatories, a portion of those guidelines pertained to screening for colorectal cancer and recommended using fecal occult blood testing in adults at certain ages to do such screening.  Other guidelines pertained to steps a provider may take when the patient demonstrates blood in their stool, including considering a potential malignancy.  Wexford written medical guidelines are expressly intended to serve as a reference tool for clinicians and do not replace sound clinical judgment nor do they strictly apply to all patients.  Whether and how to apply the guidelines are decisions made by the practitioner accounting for individual circumstances.  Pursuant to a suitable protective order, Wexford will produce the Table of Contents of its Medical Guidelines for its practitioners in the State of Illinois that were effective in 2018, and if Plaintiff will select portions that are relevant to this matter, Wexford may produce such portions of the Guidelines.**

31. All Documents, including Communications, regarding Complaints by IDOC employees about the actions of Wexford employees made between January 1, 2013 through January 1, 2020.

**RESPONSE: Defendants object that this request is overly broad and unduly burdensome, as it is not limited in time at issue, scope of medical conditions at issue, geographical location, or in any other way limited to ensure that it is crafted to seek information relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(1).**

**Defendants also object that production of medical records on any inmate other than Plaintiff would violate HIPAA and HITECH.**

32. All audio or visual materials, including Documents memorializing the same, depicting or relating to any of the allegations in Plaintiff's Complaint. This request includes but is not limited to photographs, video recordings, audio recordings, radio recordings, transmissions, and recordings of emergency or non-emergency phone calls.

**RESPONSE: Defendants object that this request is vague in meaning and ambiguous in scope of the phrases "visual materials," and "relating to" in this context. Subject to those objections, Defendants respond that they are not aware of any audio or video recordings of Decedent or of other events described in the Complaint.**

33. All physical evidence relating to any of the allegations in Plaintiff's Complaint of any of Defendants' defenses to Plaintiff's Complaint.

**RESPONSE: Defendants object that this request is vague in meaning and ambiguous in scope of the phrases "physical evidence," and "relating to" in this context. Subject to those objections, Defendants respond that they are not in possession, custody, or control of any physical object that belonged to Decedent or that was described in Plaintiffs' Complaint.**

34. Any and all demonstrative aids or exhibits which may be used at trial. Please note your continuing obligation to supplement this request pursuant to Rule 26(e).

**RESPONSE:  Defendants have not yet selected demonstrative aids or exhibits which may be used at trial.**

35. All Documents relating to any Rule 26 expert witnesses retained by Defendants in this matter, including but not limited to:

a. All Communications to and from said expert(s);
b. All Documents provided to and/or relied upon by said expert(s);
c. All notes, reports, and analyses by said expert(s), including any handwritten markings on any materials provided to the expert(s);
d. All bills or statements of the hours and compensation paid to or billed by the expert(s) for work on this matter; and
e. Any transcripts of prior testimony of Rule 26 reports of said expert(s).

Please note your continuing obligation to supplement this request pursuant to Federal Rule of Civil Procedure 26(e).

**RESPONSE:  Defendants object that this request is premature.  Defendants will produce information on expert witnesses as required by the Court's orders and the Federal Rules of Civil Procedure.**

36. All Documents in your possession, custody, or control that would support or rebut a contention by any of the Defendants that an award of punitive damages would cause a financial hardship to that Defendant.

**RESPONSE:   Defendants object that this request is premature and requiring Defendants to produce their confidential financial information at the outset of the case would be unnecessarily expose Defendants to embarrassment and abuse when the basis for production of such information is not established.   As such, the request is unduly burdensome, and not proportional to the needs of the case.  *See* Fed. R. Civ. P. 26(b).**

37. All Documents relating to your net worth, including the following:

a. All Documents relating to any assets in your possession with a value in excess of $2,500;

16

b. Copies of all monthly statements for the period of January 2010 through the present for all bank accounts, retirement accounts, stocks, bonds, mutual funds, and/or securities in which you have any ownership interest;

c. Copies of any insurance policies in which you are either the beneficiary or have any other ownership interest;

d. A copy of the deed to your residence. If you do not own your home, please produce a copy of a current lease;

e. A copy of the title to your automobiles, as well as a copy of all documentations relating to financing, ownership, and any equity you may have in said automobiles;

f. All Documents relating to any ownership interest in any real estate, including copies of any deeds or titles;

g. A copy of your last four pay stubs relating to any employment in which you are engaged;

h. All Documents relating to any mortgage applications signed by you in the past three years; and

i. Copies of your last three state and federal income tax returns.

**RESPONSE:   Defendants object that this request is premature and requiring Defendants to produce their confidential financial information at the outset of the case would be unnecessarily expose Defendants to embarrassment and abuse when the basis for production of such information is not established.   As such, the request is unduly burdensome, and not proportional to the needs of the case.** *See* **Fed. R. Civ. P. 26(b).**

38. All Documents identifying any policymaker who was responsible for or had final

policymaking authority for any policy, procedure, or practice on any of the subjects identified in

Plaintiff's Request for Production No. 30, above.

**RESPONSE:   Defendants object that this request is overly broad and unduly burdensome, as Request for Production No. 30, and therefore this request which refers to it, is not limited to a relevant time period, scope of medical conditions at issue, geographical location, or in any other way limited to ensure that it is crafted to seek information relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.** *See* **Fed. R. Civ. P. 26(b)(1).**

39. All Document relating to any effort of the policymakers identified by Plaintiff's

Request for Production No. 38 to review, investigate, analyze, uncover, prevent, or determine the

prevalence of any misconduct, deficiency, shortcoming, or other problem relating to any policy,

procedure, or practice on any of the subjects identified in Plaintiff's Request for Production No. 30, above.

**RESPONSE:  Defendants object that this interrogatory could be interpreted to incorporate the assumption that there is an identifiable "deficiency, shortcoming, or other problem" in an applicable regulation or policy, which has not been established.  Subject to that objection, Defendants respond that a "deficiency, shortcoming, or other problem" has not been identified in any relevant guideline.  Wexford is not involved in evaluation or amendment of IDOC administrative directives and institutional directives, and so cannot provide responsive information related to perceived deficiencies in those rules.**

40. All Documents relating to the supervision, discipline, evaluations, and oversight of medical staff or healthcare employees at Lawrence. This request includes but is not limited to Documents regarding the chain of command at Lawrence, and policies, rules, regulations, or the like governing supervision, oversight, and discipline of medical staff or healthcare employees (including certified medical technicians) at Lawrence.

**RESPONSE:  Defendants object that this request is overly broad and unduly burdensome, as it is not limited in time at issue or scope of the policies/rules/regulations at issue to ensure that it is crafted to seek information relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(1).**

41. All Documents relating to administration and assessment of the healthcare services provided at Lawrence from January 2010 to the present. This request includes but is not limited to all Documents related to:

a. Complete and unredacted contracts for services, requests for bids and any bids submitted by other healthcare providers;

b. Contract compliance monitoring or audits, all healthcare contract performance summary reports, primary medical service reports, and flash reports;

c. Quality assurance or continuous quality improvement processes, including continuous quality improvement reports for the above-mentioned facilities, governing body continuous quality improvement reports, as well as all studies, audits, presentation, reviews of grievances, notes, and other attachments to such Documents;

d. External and internal audits of healthcare services at Lawrence (or the IDOC as a whole), including audits of treatment protocols, performance-based audit reports;

e. Accreditation evaluations or mock evaluations; and

f. Meetings and minutes of meetings regarding healthcare at Lawrence (or the IDOC as a whole) attended by Wexford or the IDOC; and

g. Communications relating to parts a–e, above.

**RESPONSE:  Defendants object that this request is overly broad and unduly burdensome, as it is not limited in time to that relevant to this case or scope of the "Documents relating to administration and assessment of the healthcare services provided at Lawrence," to ensure that it is crafted to seek information relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  *See* Fed. R. Civ. P. 26(b)(1).**

42. All Documents relating to any lawsuit or Complaint to which any Defendant has ever been a party. This request is limited to the last ten years.

**RESPONSE:  Defendants object that this interrogatory is overly broad in that it is not sufficiently limited in time or scope of subject matter of the complaints at issue. Additionally, Defendants object that this interrogatory seeks to impose a burden of researching this information that is available to Plaintiff and her counsel through public records—including PACER.  As such, the request seeks to impose a burden on Defendants that is beyond that required by the Federal Rules of Civil procedure, in that it is not crafted to seek information that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  *See* Fed. R. Civ. P. 26(b)(1).**

43. All Documents relating to the organization of Wexford as a corporate entity, including but not limited to all organizational charts, incorporation Documents, statements of organization, and state registration Documents.

**RESPONSE:  Defendants object that this request is overbroad in that it seeks irrelevant information, and that it is vague in meaning and ambiguous in scope of the phrase "relating to" in this context.  Subject to that objection, Defendants respond that Wexford Health Sources, Inc., is corporation registered in the State of Florida, and that the Secretary of State of the State of Florida provides publicly available confirmation of that fact.**

46. Produce the following documents relating to *Dean v. Wexford Health Sources, Inc.,* Case No. 3:17-cv-03112-SEM-TSH (C.D. Ill.):

a. All documents filed in the electronic "ECF" docket in the case, including all documents filed under seal;

All documents filed with the Court in the case, including all documents filed under seal;

b. All written discovery requests and written discovery responses;

c. All documents produced or gathered pursuant in discovery;

d. All deposition transcripts;

e. All exhibits (including demonstrative exhibits and animations) offered during trial; and

e. All video or audio recordings of depositions.

**RESPONSE:  Defendants object that the materials sought are confidential and subject to a protective order, that their production in this matter could violate HIPAA and/or HITECH, that they are irrelevant to the claims on behalf of the Estate of Lenn Reed, and that for those reasons, this request is not crafted to seek information relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the**

20

discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. *See* **Fed. R. Civ. P. 26(b)(1).**

CASSIDAY SCHADE LLP


By: s/Ryan C. Wallis
    One of the Attorneys for Defendants, WEXFORD HEALTH SOURCES, INC., VIPIN SHAH, M.D., and STEPHEN RITZ, D.O.

Ryan C. Wallis
ARDC No. 6288689
CASSIDAY SCHADE LLP
100 North Broadway, Suite 1580
St. Louis, MO 63102
(314) 241-1377
(314) 241-1320 (Fax)
rwallis@cassiday.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing Responses to Requests for

Production was served upon the following attorneys of record via electronic mail, at the request

of Plaintiffs' counsel, on June 17, 2021.

ATTORNEYS FOR PLAINTIFFS
Stephen H. Weil
Loevy & Loevy
311 N. Aberdeen Street, Third Floor
Chicago, IL 60607
weil@loevy.com

ATTORNEYS FOR DEFENDANT, FAIYAZ AHMED, M.D.:
Keith Hill
Heyl, Royster, Voelker & Allen, P.C.
105 West Vandalia, Suite 100
Edwardsville, IL 62025
Telephone 618.656.4646
Facsimile 618.656.7940
khill@heylroyster.com


s/Ryan C. Wallis                        

9819746 RWALLIS;DWALLACE