IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Lennisha Reed *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> Wexford Health Sources, Inc., *et al.*, <br><br> Defendants. | Case No. 3:20-cv-01139-SPM <br><br> Judge Stephen P. McGlynn |

**PLAINTIFFS' MOTION FOR
EXTENSION OF CASE DEADLINES**

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, Plaintiffs Lennisha Reed and Lenn Reed, Jr., through their counsel, hereby move the Court for an extension of the discovery schedule in this case, which is currently set to close on January 27, 2023, as well as the Rule 26(a)(2) disclosure deadlines as set forth herein. *See* ECF 77.

In support of their motion Plaintiffs state:

**BACKGROUND**

This case arises from the death of Lenn Reed Sr.  Mr. Reed was a prisoner of the Illinois Department of Corrections.  Plaintiffs allege that he repeatedly went to the prison infirmary and explained that he was suffering from abdominal pain, but instead of trying to diagnose the cause of this pain, prison medical staff, who are employed by defendant Wexford, sent him away with laxatives or similar remedies instead.  Wexford staff only attempted to diagnose the cause of the pain after Mr. Reed had lost more than 50 pounds, by which time his cancer was in advanced stages.  Even then, Wexford staff proceeded in an unhurried manner despite efforts of outside doctors to treat him expeditiously. The result was Mr. Reed died of cancer without ever receiving chemotherapy. Plaintiffs brought claims on behalf of Mr. Reed's estate against several individual

medical providers. They also sued Wexford pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978), charging that the company had a widespread practice of providing inadequate medical care, particularly with respect to its detection and treatment of cancer.

Plaintiffs have encountered a number of impediments that have delayed the gathering of discovery in this case, but they have nevertheless prosecuted their discovery aggressively. Those efforts are described herein.

**Discovery relating to Mr. Reed's immediate medical care**. Plaintiff counsel has been diligent in conducting discovery going to Mr. Reed's immediate care, *i.e.*, the care provided to Mr. Reed (as opposed to the pattern-and-practice evidence relating to Plaintiffs' *Monell* claims). Despite the disruption caused by the departure of the head of Plaintiff counsel's practice group, *see* ECF 70, Plaintiff counsel have largely completed gathering documents and conducting depositions of Mr. Reed's treaters both inside and outside of the IDOC.

\*   \*   \*

While Plaintiffs have been able to take discovery regarding Mr. Reed's immediate care, they have encountered intractable opposition to the gathering of evidence regarding their *Monell* claims. This has required extensive motion practice in this Court, as well as in district court handling the *Lippert* action in the U.S. District Court for the Northern District of Illinois. And it has resulted in delay as each of the challenges to the *Monell* discovery are overcome. The state of this discovery is as follows:

**HIPAA order**. Plaintiffs' *Monell* claim requires them to prove that Wexford has a widespread practice of providing inadequate care to other patients under its care, not just to Mr. Reed. Because HIPAA provides protections for the disclosure of such third-party health information, a HIPAA-qualified protective order was required for to proceed with *Monell*

discovery. Plaintiffs asked Wexford to agree to the entry of a HIPAA-qualified protective order, which Wexford opposed, while simultaneously refusing to respond to Plaintiffs' *Monell* discovery on grounds that without a HIPAA order it was powerless to respond. Plaintiffs moved for the entry of such an order over Wexford's objection, *see* ECF 35. After the Court granted that motion, see ECF 40, Plaintiffs promptly resumed *Monell* discovery enforcement negotiations with Wexford, and served *Monell* discovery against the IDOC.

***Lippert* discovery and intervention**. Plaintiffs' *Monell* discovery focused significantly on findings by court-appointed experts in the *Lippert* litigation that numerous IDOC patients had received inadequate cancer treatment under Wexford's care, and the medical records underlying those findings. *See* ECF Nos. 44-1, 81-2. To protect the privacy of these patients, however, the *Lippert* reports were anonymized. In order to gather discovery about these patients, therefore, Plaintiffs, over Wexford's objection, intervened in the *Lippert* action itself in order to obtain a modification of the *Lippert* protective orders in order to obtain the "ciphers" that had been provided to the *Lippert* litigants. *See* ECF 77 at 6. Once Plaintiffs obtained these ciphers, they were provided to Wexford and the IDOC to facilitate discovery responses.

**Wexford discovery.** Plaintiffs initially conducted Rule 37 enforcement of their *Monell* requests with one set of Wexford counsel. A second set of counsel then took over and objected to making any discovery responses on grounds that there were inaccuracies in Plaintiffs' complaint. Plaintiffs corrected the inaccuracies, and then conducted parallel negotiations with the same Wexford counsel over identical discovery in a parallel case captioned *Wiley v. Wexford Health Sources, Inc.*, No. 3:21-cv-00599-JPG (S.D. Ill.). After coming to issue on the discovery Plaintiffs filed a motion to compel, in parallel with a motion to compel filed in the *Wiley* action.

3

*See Wiley*, No. 3:21-cv-00599-JPG (S.D. Ill.), ECF 86 (Nov. 30, 2022). Both motions to compel are briefed and pending.

**IDOC discovery**. After the Court issued the HIPAA-qualified protective order, *see* ECF 41, Plaintiffs promptly served the IDOC with discovery relating to their *Monell* claims, including requests for medical records relating to other cancer cases in the *Lippert* reports and communication with Wexford about the findings in the *Lippert* reports. The IDOC (not Wexford) is custodian of the medical records of IDOC prisoners, is thus the principal repository of substantive evidence regarding the medical care provided to other prisoners—making evidence in the IDOC's possession central to Plaintiffs' *Monell* claims. *Cf. Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 238 (7th Cir. 2021) (rejecting reliance on *Lippert* reports alone because "our prior cases suggest that evidence admitted only for notice cannot establish that a municipality acted with deliberate indifference unless the plaintiff also has substantive proof that the "noticed" problems actually existed.") The IDOC objected to producing responsive documents, and in January 2022, Plaintiffs filed a motion to compel. *See* ECF 44. On September 27, 2022, the Court granted Plaintiffs' motion, ordering the IDOC to produce responsive documents within 45 days, or November 11, 2022. *See* ECF 77. Within 48 hours of the Court's order, Plaintiff counsel initiated negotiations with the IDOC regarding the IDOC's responsive production. Counsel have engaged in multiple rounds of negotiations, *see* ECF 80 ¶¶ 4-5, and these negotiations have been fruitful, as the IDOC made limited production in response to certain of Plaintiffs' subpoena requests. Many of the subpoena requests remain in dispute, however, and on December 23, 2022, after multiple meet-and-confer negotiations relating to the gathering of ESI, Plaintiffs filed a renewed motion to compel the IDOC's response to certain portions of Plaintiffs' discovery. ECF 92. The IDOC has sought and been granted an extension

4

to respond to this discovery, *see* ECF 80; ECF 84, and on January 10, 2023, the IDOC filed a further motion for extension. *See* ECF 98. As of this filing, that motion is in the briefing stage.

## DISCUSSION

Discovery periods may be extended for good cause shown and where they will serve the interests of justice. Plaintiffs respectfully submit that in this case, such cause is present and an extension will serve the interests of justice in this complex case. Plaintiffs have been diligent in conducting discovery relating to Mr. Reed's immediate care, and indeed that discovery is largely completed. Plaintiffs' *Monell* discovery has not yet been completed—but that is not for lack of effort or diligence by Plaintiffs' counsel. Rather, that discovery remains incomplete because it has been resisted at every turn. This began with vigorous opposition to Plaintiffs' motion for a HIPAA-qualified protective order, requiring extensive briefing and resolution by the Court. Then, after Plaintiffs met and conferred with one set of Wexford counsel regarding Plaintiffs' *Monell* discovery, a new set of counsel appeared and interposed a new set of threshold objections (including an insistence that no discovery take place until Plaintiffs amended their complaint) that Plaintiffs were required to address as well. Wexford and the IDOC jointly opposed Plaintiffs' subpoena to gather records from the IDOC, requiring yet more extended briefing and another lengthy decision by the Court, and another wait time. Each of these roadblocks has delayed Plaintiffs' *Monell* discovery. Plaintiffs have resumed their prosecution of *Monell* discovery after each roadblock has been cleared, but new roadblocks have been interposed that must be cleared as well. The result is that, while Plaintiffs have been able to gather some *Monell* discovery from the IDOC on the strength of the Court's September 2022 granting of Plaintiffs' motion to compel a response to their subpoena, *see* ECF 98 ¶ 7 (describing the IDOC's partial *Monell* production in the wake of the Court's order), the bulk of Plaintiffs' *Monell* discovery

5

requests await resolution in the form of Rule 37 enforcement motions that are currently being briefed or are pending before the Court, specifically ECF 81 (motion to compel Wexford) and ECF 92 (renewed motion to compel IDOC). Once these motions are resolved Plaintiff will be able to complete the remaining fact and expert discovery in the case.

*   *   *

This motion comes late. While the discovery period is set to close on January 27, 2023, the deadline for Plaintiffs to disclose Rule 26(a)(2) witnesses was November 4, 2022, and the deadline for the defendants to disclose Rule 26(a)(2) witnesses was January 6, 2023. *See* ECF 78. The timing of this filing has two causes. Beginning last fall, Plaintiff counsel has undertaken a restructuring of their practice group, including bringing on new staff and adopting a new court calendaring system. In the process of inputting court deadlines to the new system, the Rule 26(a)(2) deadlines in the case were inadvertently omitted, and a single deadline for the close of discovery was entered, appearing as a January 27, 2023, deadline to complete fact discovery. Laboring under the resulting misimpression, Plaintiff counsel continued diligently to prosecute fact discovery in this case, including multiple rounds of negotiations with the IDOC in light of the Court's order September 27, 2022 order (*see* ECF 80 ¶¶ 4-5 (describing continuing rounds of negotiation and communication between counsel through October and November 2022)), and preparing Plaintiffs' motion to compel Wexford's response to Plaintiff's discovery, which was filed on November 18, 2022, *see* ECF 81.

Plaintiff counsel was alerted to the mistake when Wexford responded to Plaintiffs' motion to compel and noted the expert deadline. *See* ECF 88 at 1. Plaintiffs intended to rectify the situation promptly with a motion to extend the deadlines, as they noted in their December 23, 2022, reply. *See* ECF 93 at 2. During the following week, however, the wife of undersigned counsel was unexpectedly hospitalized and then diagnosed with lymphoma cancer. The cancer

6

has proven to be more aggressive and faster-spreading than doctors initially anticipated, with the result that the intervening weeks been overtaken both with intensified caregiving at home and with multiple and extended emergency hospitalizations. The undersigned has been unable to complete substantive legal work until now, when medications have finally begun to address his wife's emergent symptoms.

Plaintiffs' delay in filing this motion to extend was not due to indolence or a lack of diligence, but rather to an inadvertent error and then to an unfortunate medical situation. Plaintiff counsel has continued to be diligent in prosecuting the fact discovery necessary to prove Plaintiffs' claims. Plaintiffs respectfully submit that these facts weigh in favor of an extension of the deadlines in this case.

The defendants will not be prejudiced by an extension of the discovery deadlines in this case. As Plaintiffs have explained above, the Wexford defendants' opposition to various components of Plaintiffs' *Monell* discovery has caused delays in the collection of *Monell* discovery. The Wexford defendants, of course, have every right to oppose discovery vigorously, but when that opposition delays the collection of discovery it is not appropriate to treat the additional time as prejudicial. The defendants in this case have also served their Rule 26(a)(2) disclosures on January 6, 2023, during the medical crisis described above. This disclosure will not prejudice the defendants, either, because Plaintiffs will not gain a tactical advantage from it. Plaintiffs' counsel, and all members of Plaintiffs' litigation team, have treated defendants' Rule 26(a)(2) disclosures as off-limits. They have not and will not read them. Plaintiffs do not know who the defendants identified in their Rule 26(a)(2) disclosures or what the opinions or topics of testimony of those persons might be, and thus those disclosures will not factor into Plaintiffs' Rule 26(a)(2) disclosures, should the Court permit them.

## CONCLUSION

Plaintiffs respectfully submit that an extension to complete *Monell* discovery and to make Rule 26(a)(2) disclosures will serve the interests of justice in this case. Plaintiffs have been assiduous in prosecuting this complex case, and the unfortunate delay in filing a necessary motion to extend the discovery period occurred not because of a lack of diligence but rather the combination of a clerical oversight and an emergent medical situation. In light of the foregoing Plaintiffs respectfully request that the Court adopt the following schedule:

- April 21, 2023: fact discovery closes.

- May 12, 2023: plaintiffs make Rule 26(a)(2) disclosures.

- July 13, 2023: defendants make Rule 26(a)(2) disclosures.

- August 13, 2023: dispositive motions due.

- December 2023: trial (subject to the Court's availability).

**WHEREFORE**, Plaintiffs respectfully request that the Court issue an order extending the deadlines as set forth above.


Dated: January 23, 2023                                             Respectfully submitted,


                                                                    /s/ *Stephen H. Weil*
                                                                    Stephen H. Weil
                                                                    Counsel for Plaintiffs

Jon Loevy
Steve Weil
Maria Makar
LOEVY & LOEVY
311 North Aberdeen St., 3rd Fl.
Chicago, IL 60607
(312) 243-5900
weil@loevy.com