047782/19344/TPD/RCW

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LENNISHA REED and LENN REED JR., as Co-Administrators of the Estate of LENN REED, SR., #B28789,<br><br>    Plaintiff,<br><br>v.<br><br>WEXFORD HEALTH SOURCES, INC., VIPIN SHAH, STEPHEN RITZ, and FAIYAZ AHMED,<br><br>    Defendants. | Case Number  3:20-cv-01139-SPM<br><br>Judge Stephen P. McGlynn |

## REPLY TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER OR TO BIFURCATE PLAINTIFFS' *MONELL* CLAIM

COME NOW Defendants WEXFORD HEALTH SOURCES, INC., VIPIN SHAH, M.D., and STEPHEN RITZ, D.O., by and through their attorneys, CASSIDAY SCHADE LLP, and for their Reply to Defendants' Motion for Protective Order or to Bifurcate, state as follows:

1. Although reply motions are disfavored (Local Rule 7.1), exceptional circumstances warrant a reply as Plaintiff's Response (Doc. 110) misstates the evidence, the law, and the allegations.

2. Plaintiffs' Response to Defendants' Motion for Protective Order or to Bifurcate cites to no evidence. Plaintiffs cite to no expert opinions (they do not have any) and they cite to no medical evidence.[1] Instead, Plaintiffs repeatedly cite to their First Amended Complaint. However,

---

[1] Conversely, Defendants' Motion for Protective Order cites to medical evidence, deposition testimony, and expert opinions explaining Mr. Reed received appropriate care.

Plaintiffs miss the point as Defendants have moved for Court intervention because Plaintiffs have no evidence to support their First Amended Complaint.[2]

3. Plaintiffs agree, however, that the allegations against Dr. Shah are for the one week's time in-between his referral for a CT scan and the approval of the CT scan. Plaintiffs argue the claim against Dr. Ritz is for approving the oncology referral and deferring to the oncologist for next steps. Plaintiffs alleges unspecified delays for approvals and that Dr. Saba was unable to reach the prison, yet Dr. Saba was deposed and testified that there were no delays or denials by the facility, and his secretary was calling the prison when Mr. Reed was inpatient at Carle Hospital because Dr. Saba did not have privileges at Carle Hospital but they "know exactly how to reach the facility." (Doc. 73-1, p. 47; 59-63).

4. Ultimately, Plaintiffs' allegations rest on unsupported medical conclusions. Dr. Moriconi, an oncologist, explained that Defendants' course of care was appropriate, and Defendants did not delay Mr. Reed's care, but instead Mr. Reed's cancer was terminal at first presentation and complications (due to his cancer) dictated when chemotherapy was started. (Doc. 94-1).

5. Plaintiffs then argue that their *Monell* claim is independent from the underlying claims against the individual Defendants. Plaintiffs cite to *Thomas v. Cook County Sheriff's Department*, 604 F.3d 293 (7th Cir. 2009), where municipal liability was independent from the claims against the individual defendants because access to necessities and understaffing prevented the staff from performing their essential functions. However, "the decision of whether to bifurcate issues under

---

[2] Plaintiffs go on about care by non-defendants prior to July 26, 2018, when the first defendant saw Mr. Reed (and ordered a CT scan at first presentation); however, Plaintiffs did not name the nurse practitioner that saw Mr. Reed from March to July 2018. Nonetheless, Plaintiffs deposed Sara Stover, who explained that she tried to refer Mr. Reed to Dr. Shah at prior appointments but Mr. Reed requested Ms. Stover be her primary care provider. Ms. Stover had to convince Mr. Reed, over time, that she would remain involved in his care after the referral to Dr. Shah. Plaintiffs' argument that Defendants do not account for this period of time is patently false. Dr. Moriconi reviewed both the medical records and Ms. Stover's deposition testimony and expressly outlined it in his report. (Doc. 94-1).

Fed. R. Civ. P. 42(b) does not stem so much from the nature of the cause of action as from a careful consideration of the specific facts that support a plaintiff's claims." *Demouchette v. Sheriff of Cook Cty.*, 2011 U.S. Dist. LEXIS 15690, 2011 WL 679914, at *6-10 (N.D. Ill. Feb. 16, 2011); citing *Elrod v. City of Chicago,* Nos. 06 C 2505 & 07 C 203, 2007 U.S. Dist. LEXIS 80941, 2007 WL 3241352, at *2 (N.D. Ill. Nov. 1, 2007)

    6. Here, Plaintiffs do not argue that the individual Defendants were thwarted from performing their essential functions by Wexford practices. Instead, as recounted above, Plaintiffs allege the individual Defendants took an "unhurried approach" to Mr. Reed's treatment. Plaintiffs argue that this case is different in kind to cases where "liability is premised on a particular employee's individual conduct." If that is so, Plaintiffs should dismiss Dr. Shah and Dr. Ritz. Yet, Plaintiffs allege a delay in diagnosis and treatment for cancer. If the treating medical staff did not delay in diagnosis and treating Mr. Reed's cancer (as the evidence shows), then there can be no claim against Wexford for having policies that delayed his diagnosis and treatment. This would present an inconsistent verdict. Furthermore, looking at Plaintiffs' allegations of an "unhurried approach" (unsupported by any expert), Mr. Reed's cancer was stage 4 and terminal before any Defendant saw him. Thus, if the individual Defendants were not the proximate cause of Mr. Reed's alleged damages because his cancer was already terminal, Wexford policies and practices are wholly irrelevant, and Plaintiffs' *Monell* claim fails before it starts.

    7. Next, Plaintiffs argues that there was diffused responsibility for care so that a *Monell* claim should be able to survive even if an individual defendant does not **but again, they also argue** that the individual Defendants were responsible and deliberately indifferent. Plaintiffs want to have it both ways. Plaintiffs did not allege diffused responsibility but instead alleged a failure to take

3

appropriate action, including appropriate diagnostic procedures.[3] Plaintiffs' argument that they can proceed on a *Monell* claim for diffused responsibility assumes that there was a delay in diagnosis and treatment by someone; however, the issue to be address on summary judgment for the underlying claims *is not who caused the delay but instead that there was no unreasonable delay*. Thus, if there was no delay in diagnosis and treatment that affected Mr. Reed's prognosis, there can be no claim against any person or entity.

8. Lastly, Plaintiffs argue that Defendants delayed this matter, including "changing discovery object that Wexford asserted over the course of 2022." However, as previously briefed, there were no meet and confers with Plaintiffs' counsel in 2022 until after he filed the Motion to Compel. Regardless, the parties agree that the Motion to Compel relates to *Monell* discovery and discovery as to the underlying claims against the individuals has been completed. Similarly, the IDOC's response to Plaintiffs' subpoena relates to *Monell* discovery. The dispositive motion deadline is due in less than two weeks' time. At this point, Plaintiffs are seeking to delay resolution of the underlying claims for *Monell* discovery. There is no justification for this delay and for judicial economy, the Court should take up the dispositive motion at this time as it could save all parties and the Court from "broad" *Monell* discovery that is unnecessary as Plaintiffs' underlying claims cannot survive.

---

[3] Plaintiffs' allegations are more analogous to a failure to supervise and/or train. Yet, "such policies hinges on the actions of individual." *Treadwell v. Salgado,* No. 19 C 3179, 2022 U.S. Dist. LEXIS 15812, 2022 WL 267988, at *11-12 (N.D. Ill. Jan. 28, 2022)("That is to say, the City's purported failure to supervise its police force does not proximately cause harm to the public in and of itself. Although such harm may ultimately trace back to workforce training failures, and the like, the harm itself only comes to fruition through an officer's affirmative actions."); citing *Ezell v. City of Chicago*, No. 18-cv-1049, 2019 U.S. Dist. LEXIS 135227, 2019 WL 3776616, at *4 (N.D. Ill. Aug. 12, 2019); *Claxton v. City of Chicago,* No. 14-cv-10076, 2015 U.S. Dist. LEXIS 119664, 2015 WL 5304630, at *1 (N.D. Ill. Sept. 9, 2015); Veal, 2014 U.S. Dist. LEXIS 10599, 2014 WL 321708, at *4.

9. In sum, discovery as to the underlying claims against the individual Defendants is complete. Dr. Moriconi explained that a review of the medical records and testimony shows that Mr. Reed's care was appropriate and timely. Unfortunately, Mr. Reed's cancer was stage 4 and terminal at first presentation. Defendants will be moving for summary judgment in less than two weeks' time, and should the Court agree that the undisputed, admissible evidence shows that either there was no unreasonable delay in diagnosis or treatment and/or Defendants did not proximately cause Mr. Reed's death as his cancer was already terminal, there is no doubt that this ruling would resolve the *Monell* claim. Accordingly, Defendants' Motion for Protective Order or Bifurcation should be granted.

WHEREFORE, for the above reasons, Defendants WEXFORD HEALTH SOURCES, INC., VIPIN SHAH, M.D., and STEPHEN RITZ, D.O., respectfully request this Honorable Court grant a protective order, or alternatively, sever the *Monell* claim, and for such further relief deemed appropriate.

                                            CASSIDAY SCHADE LLP

                                            By:  /s/ Jaclyn Kinkade
                                                 One of the Attorneys for Defendants WEXFORD HEALTH SOURCES, INC., VIPIN SHAH, M.D., and STEPHEN RITZ, D.O.

Jaclyn Kinkade
ARDC No. 6333722
CASSIDAY SCHADE LLP
100 North Broadway, Suite 1580
St. Louis, MO 63102
(314) 241-1377
(314) 241-1320 (Fax)
jkinkade@cassiday.com

**CERTIFICATE OF SERVICE**

I hereby certify that on February 15, 2023, I electronically filed the foregoing with the Clerk of the Court for the Southern District of Illinois using the CM/ECF system. The electronic case filing system sent a "Notice of E-Filing" to the following:

ATTORNEYS FOR DEFENDANT, FAIYAZ AHMED, M.D.:
Keith Hill
Heyl, Royster, Voelker & Allen, P.C.
105 West Vandalia, Suite 100
Edwardsville, IL 62025
Telephone 618.656.4646
Facsimile 618.656.7940
khill@heylroyster.com

ATTORNEY FOR DEFENDANT, ILLINOIS DEPARTMENT OF CORRECTIONS:
Tara Barnett
Assistant Attorney General
201 West Pointe Dr., Ste. 7
Swansea, IL 62226
(618) 236-8781
tara.barnett@ilag.gov


ATTORNEYS FOR PLAINTIFFS:
Jon I. Loevy
Stephen H. Weil
Loevy & Loevy
311 N. Aberdeen Street, Third Floor
Chicago, IL 60607
jon@loevy.com
weil@loevy.com


/s/ Jaclyn Kinkade