IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Lennisha Reed *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> Wexford Health Sources, Inc., *et al.*, <br><br> Defendants. | Case No. 3:20-cv-01139-SPM <br><br> Judge Stephen P. McGlynn |

**PLAINTIFFS' MOTION FOR EXTENSION OF TIME
TO COMPLETE DISCOVERY**

Plaintiffs in the above-captioned matter, through their undersigned counsel, respectfully move the Court for an extension of two months, from April 15, 2024 to June 17, 2024, to complete fact discovery in this case. The relevant deadlines are currently set forth in the Court's order at *Reed* ECF 154. Plaintiffs have consulted with counsel for the defendants, and were informed by counsel for defendant Wexford that the Wexford defendants oppose this request.

In support of their motion Plaintiffs state:

This case arises from the death of Lenn Reed Sr., who died from cancer while he was still incarcerated in the Illinois Department of Corrections ("IDOC"). Plaintiffs allege that the diagnosis and treatment was delayed by the actions of a number of practitioners employed by defendant Wexford. Plaintiffs brought claims against multiple individual treater-defendants. Plaintiffs also asserted a *Monell* claim against Wexford, alleging both that there were widespread practices within Wexford of delaying diagnosis and treatment of serious medical conditions, and that Wexford executives ignored notice of these problems when they were pointed out in two reports submitted by court-appointed medical experts in the *Lippert* class action litigation.

Plaintiffs' discovery against the individual treaters was completed in relatively short order (with the exception of they deposition of Dr. Steven Ritz, a "hybrid" witness who was involved in decisions about Mr. Reed's medical care, and is a Wexford executive as well). For approximately the past two years, Plaintiffs have been engaged in *Monell* discovery, which has run parallel with *Monell* discovery in in *Wiley v. Wexford Health Sources, Inc.*, 3:21-cv-599-DWD (S.D. Ill.).

In both the *Reed* and *Wiley* cases, Plaintiffs have pursued their *Monell* discovery regarding two basic subjects: evidence about whether the medical care received by other prisoner-patients has had problems similar to those experienced by Lenn Reed and Omar McCullough, the decedents in *Reed* and *Wiley* respectively; and evidence about the response by Wexford (both internally and in communications with the IDOC) to the information contained in the *Lippert* reports regarding problems with delays in diagnosis and treatment across the IDOC. This discovery, in turn, was keyed to documents produced by Wexford and the IDOC. While Wexford's document production was largely completed in November 2023, the IDOC's production, despite the diligence of both Plaintiffs and IDOC, took sometime longer.

The courts in both *Wiley* and in *Reed* had held discovery schedules in abeyance while Plaintiff counsel gathered sufficient *Monell* evidence to provide an estimate for when discovery could be completed. On December 20, 2023, the plaintiffs filed simultaneous motions in *Wiley* (*Wiley* ECF 165) and *Reed* (*Reed* ECF 153) asking until January 12, 2024 to submit a proposed schedule in each case. As the plaintiffs explained in making this request in both cases, it was Plaintiff counsel's understanding that the IDOC would complete production in advance of January 12, 2024, and that after this production was complete Plaintiff counsel would be able to

make an estimate regarding the time need to complete discovery. Both the *Wiley* and the *Reed* courts granted this request. *Wiley* ECF 166; *Reed* ECF 154.

On January 10, 2024, the IDOC made production of various ESI documents. After conducting a preliminary review of this production, which was made in both *Wiley* and in *Reed*, Plaintiff counsel estimated that it would take three months to complete fact discovery, including review of the documents and depositions of IDOC and Wexford employees and policymakers. In light of this estimate, the plaintiffs in both *Wiley* and *Reed* proposed that fact discovery in both cases be completed on April 15, 2024. *Wiley* ECF 167; *Reed* ECF 155. The *Wiley* and *Reed* courts then issued orders setting April 15, 2024 as the date for the completion of fact discovery. *Wiley* 170; *Reed* 156.

Unbeknownst to Plaintiff counsel, the IDOC's document production was not complete. On January 16 and 23, 2024, the IDOC made additional productions, totaling more than 13,000 pages of documents. The production contained thousands of pages of communications among medical personnel and other documents regarding medical matters.

Plaintiff counsel was thus confronted with a large volume of documents requiring review, exceeding by an order of magnitude the documents Plaintiff counsel concluded these documents would need to be reviewed before depositions when the scheduling estimate had been provided to the courts in *Wiley* and *Reed* a few days before. To complete this review, Plaintiff counsel retained a contract attorney with medical training, and alongside that attorney set out to review the thousands of pages of medical documents that had been produced. Even with this specialized help the review took longer than anticipated, due in part to the technical nature of many of the

3

documents in the production. Plaintiff counsel nevertheless completed this review and served follow-on discovery, consisting primarily of deposition notices, on March 15.[1]

Since then Plaintiff counsel has been arranging deposition times with defense counsel and with IDOC counsel, as well as meeting and conferring regarding scope and other matters regarding Rule 30(b)(6) notices that Plaintiff counsel has served. The depositions consist of two corporate depositions (one each of the IDOC and Wexford) and depositions of two policymakers for the IDOC and two executives from Wexford. It is Plaintiff counsel's intention that once these depositions are complete (and the medical records of several prisoner-patients sought in Plaintiff's subpoena to the IDOC are gathered), Plaintiff's fact discovery will be complete,[2] and Plaintiff counsel will be prepared to complete the development and disclosure of expert reports.

Plaintiffs respectfully submit that the foregoing is good cause for a two-month extension of the fact discovery period in this case. Plaintiff counsel have been working diligently to complete fact discovery in this case, which has taken longer than Plaintiff counsel anticipated at the time of the January 12 status report due to the circumstances described in this motion.

---

[1] Plaintiff counsel had also prepared a subpoena to the IDOC for production of medical records of certain prisoner-patients identified in the most recent production who appeared to have deficiencies in care similar to that of the decedents in *Reed* and *Wiley*. Due to an oversight that subpoena was not attached to an email transmitting discovery on March 15. When Plaintiff counsel recognized the error in a call with IDOC counsel that Plaintiff counsel had arranged to discuss that same subpoena, Plaintiff counsel promptly served the subpoena.

[2] Plaintiff counsel and Wexford counsel have also met and conferred about responses to Wexford's contention interrogatories. Some of those interrogatories, Plaintiff counsel has explained, can only be answered after the *Monell* depositions described herein have been completed. Plaintiff counsel has committed not to oppose a reasonable request for an extension of fact discovery should Wexford seek to take additional discovery in light of Plaintiff's interrogatory responses.

**WHEREFORE**, Plaintiffs respectfully request that the Court:

1) Extend the deadline to complete fact discovery in this case from April 15, 2024 to June 17, 2024; and

2) Should the Court extend the fact discovery deadline, permit the parties to meet and confer and propose the remaining deadlines in the case in three weeks' time, by May 6, 2024

Dated: April 15, 2024

Respectfully submitted,

/s/ *Stephen H. Weil*
Stephen H. Weil
Counsel for Plaintiffs

Jon Loevy
Steve Weil
Maria Makar
LOEVY & LOEVY
311 North Aberdeen St., 3rd Fl.
Chicago, IL 60607
(312) 243-5900
weil@loevy.com