UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LENNISHA REED and LENN REED JR., as Co-Administrators of the Estate of LENN REED, SR., #B28789,<br>　　　　　Plaintiff,<br>v.<br><br>WEXFORD HEALTH SOURCES, INC., VIPIN SHAH, STEPHEN RITZ, and FAIYAZ AHMED,<br>　　　　　Defendants. | Case Number 3:20-cv-01139-SPM<br><br>Judge Stephen P. McGlynn |

**URGENT MOTION TO STRIKE PLAINTIFFS' 26(a)(2)(B) DISCLOSURES**

COME NOW Defendants WEXFORD HEALTH SOURCES, INC., VIPIN SHAH, M.D., and STEPHEN RITZ, D.O., by and through their attorneys, CASSIDAY SCHADE LLP, and Faiyaz Ahmed, M.D., by and through his attorneys, HEYL, ROYSTER, VOELKER & ALLEN P.C., and for their Urgent Joint Motion to Strike Plaintiffs' 26(a)(2) Disclosures, state as follows:

**PRODECURAL HISTORY**

1.　　Plaintiffs filed this lawsuit on October 28, 2020. (Doc. 1).

2.　　The original expert deadline in this case, agreed to by the parties, was March 22, 2022. This deadline provided Plaintiffs more than a year to disclose an expert (two years total). (Doc. 27-1).

3.　　On March 22, 2022, the day of Plaintiffs' expert disclosure deadline, Plaintiffs first sought an extension of time, seeking four additional months, up to and including July 22, 2022, for their expert disclosures. This request was granted over Defendants' objections. (Docs. 56; 58; 60).

4.　　Then again, on July 22, 2022, the day of Plaintiffs' extended expert disclosure deadline, Plaintiffs sought another extension of time seeking over three more months for their expert disclosures, up to and including November 4, 2022. This request was granted over

Defendants' objections, but the Court explained it "will not extend the deadlines again, however, except for exceptional circumstances."  (Docs. 72-3; 78, p. 3).

5. On November 4, 2022, Plaintiffs did not disclose any experts in this case, nor did they seek a third extension of time.

6. On January 6, 2023, Defendants again raised Plaintiffs' failure to disclosure any experts in this matter, moved for a protective order or bifurcation, and timely disclosed their experts.  Co-Defendant Dr. Ahmed also timely disclosed his experts.  (Doc. 94).  Discovery was set to close on January 27, 2023.  (Doc. 78).

7. On January 23, 2023, after Defendants' expert disclosures, Plaintiffs sought another six months for their overdue expert disclosures, extending their expired November 4, 2022 deadline to May 12, 2023.  (Doc. 101).

8. As the dispositive motion deadline was February 28, 2023, Defendants prepared their Motion and Memorandum in Support of Summary Judgment on the merits, which was nearly finalized when on February 27, 2023, the Court granted Plaintiffs' third Motion for Extension of Time, over Defendants' numerous objections.  The Court set a deadline for the close of all discovery for April 27, 2023.  (Doc. 116)

9. Plaintiffs identified a retained witness on April 17, 2023, who agreed that Mr. Reed's cancer was terminal at first presentation.

10. On April 24, 2023, at Plaintiffs' request, the Court vacated all discovery deadlines. Defendants were informed they could not take the deposition of Plaintiffs' retained witness as she may amend her opinions related to the *Monell* claim. (Doc. 124).

11. After several hearings with the Court, on November 16, 2023, the Court ordered the parties to submit a Joint Scheduling Order by December 7, 2023.  Plaintiffs sought three

2

extensions of time and finally provided proposed dates on January 12, 2024, which was entered by the Court. (Docs. 149-156).

12. On April 15, 2024, Plaintiffs filed their fourth Motion for Extension of Time, which was again granted over the Defendants' objections. (Docs. 162-168). The Court noted, "Plaintiffs are advised that absent extraordinary circumstances, no further extensions will be granted." (Doc. 168). The parties were also ordered to submit a proposed scheduling order for the remaining deadlines.

13. After the close of fact discovery, Plaintiffs filed their fifth Motion for Extension of Time. (Doc. 170). Plaintiffs sought another month of fact discovery and an unknown amount of time for the remaining deadlines.

14. Plaintiffs and Defendants provided the Court proposed scheduling and discovery orders. On June 20, 2024, the Court adopted Plaintiffs' proposed scheduling and discovery order. (Doc. 176). Accordingly, Plaintiffs' expert reports were due on August 5, 2024. *Id.* Defendants' expert reports are due on October 5, 2024. *Id.* All discovery is due on October 17, 2024. *Id.* Dispositive motions are due November 22, 2024. *Id.*

15. Because the deposition will require extensive travel, prior to the disclosure deadline, the parties agreed that one of Plaintiff's experts would be conducted on August 15-16, 2024, in Missoula, Montana. Counsel for Defendants is scheduled to travel to Missoula on August 14th.

16. At 11:26pm on August 5, 2024, Plaintiff's emailed their 26(a)(2) disclosures, identifying two retained experts (Dr. Schmidt and Dr. Venters) but supplied no report. Plaintiff indicated the reports would be provided August 6, 2024, at noon.

3

17.     Plaintiff did not seek an extension of time for her expert disclosures, likely suspecting it would be denied.

18.     Defendants did not receive any expert reports at noon on August 6, 2024.

19.     At 10:41 pm on August 6, 2024, Plaintiff produced a report by Dr. Schmidt,[1] but no list outlining her testimony history and no report whatsoever by Dr. Venters.

20.     Plaintiff finally produced Dr. Schmidt's deposition list and Dr. Venters' written reports (at 11:40am) on August 7, 2024, two days after Plaintiff's deadline.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26(a)(2) requires a party to disclose the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705. Fed. R. Civ. P. 26(a)(2). A party that intends to rely upon an expert witness's testimony is required to furnish at the time and sequence ordered by the district court a report containing, among other information, a complete statement of all opinions the retained expert will provide, and the basis and reasons for them." *Id.* Failure to comply with R. 26(a)(2)'s disclosure requirement results in a sanction: the offending party is not allowed to introduce the expert witness's testimony as evidence on a "motion, at a hearing, or at trial."  Fed. R. Civ. P. 37(c)(1).

The determination of whether a failure to comply with Rule 26(a) is harmless or justified is left to the broad discretion of the district court. *Westefer v. Snyder*, 422 F.3d 570, 584 n.21 (7th Cir. 2005), citing *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003)). Although the court "need not make explicit findings regarding a justification or the harmlessness of the Rule 26 violation," the Seventh Circuit has indicated that the following factors should guide the court's discretion: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the

---

[1] Defendants have been unable to fully assess Dr. Schmidt's amended report with the original report, but as the page lengths are different, it does appear to be a new report.

4

ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *Westefer*, 422 F.3d at 584 n.21, citing *David*, 324 F.3d at 857.

## **ARGUMENT**

Defendants' Motion to Strike must be granted as Plaintiffs' 26(a)(2)(B) disclosures are untimely. Rule 26(a)(2)(B) requires expert disclosures be "accompanied by a written report—prepared and signed by the witness—if the witness is one retained." Fed. R. Civ. P. 26(a)(2)(B). Plaintiffs' disclosures include both 26(a)(2)(B) retained experts, which require a written report, and 26(a)(2)(C) non-retained experts. Accordingly, here, Plaintiffs were required to provide each retained expert's written report pursuant to Rule 26(a)(2)(B) at the time of their expert disclosures.

Defendants did not receive Plaintiffs' 26(a)(2)(B) disclosures until after Plaintiffs' deadline had expired. As a procedural matter, Plaintiffs were required to comply with the expert disclosure deadline set forth in their own proposed scheduling order and as adopted by the Court in order to rely on such expert testimony. *See* Fed. R. Civ. P. 26(a)(2). Plaintiffs' wholesale failure to comply with the deadline requires their disclosures be stricken and they be barred from relying on the expert's testimony in this matter. Fed. R. Civ. P. 37(c)(1).

The Court has broad discretion in determining whether Plaintiffs failed to comply with Rule 26(a). *Westefer v. Snyder*, 422 F.3d 570, 584 n.21 (7th Cir. 2005), citing *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003)). Here, Plaintiffs' failure to comply with Rule 26(a) was not harmless and has certainly prejudiced Defendants. Dr. Schmidt's deposition is scheduled for August 15, 2024, in Missoula, Montana. Counsel for Defendants is scheduled to travel to Missoula to depose Dr. Schmidt. Plaintiffs' delay providing Dr. Schmidt's written report has impacted Defendants' ability to properly prepare for the deposition of Dr. Schmidt.

Furthermore, the Court is aware that Plaintiffs sought the same expert discovery deadlines in the *Wiley* matter. In other words, Plaintiffs produced two different reports of Dr. Schmidt untimely (for a total of 58 pages[2]), further reducing Defendants ability to prepare for the scheduled depositions in two matters. Although Dr. Venters' report is the same in each case, his 40-page report appears to assess the medical care of 16 non-parties. Meanwhile, on the evening of August 6, 2024, Plaintiffs finally produced discovery responses that Defendants have been requesting for many months in both cases for a total of seven different supplemental discovery responses.

Plaintiffs' counsel was aware that the parties had limited availability for expert depositions and, instead of either ensuring they complied with their own deadlines or seeking to extent the deadlines from the Court, Plaintiffs' counsel seeks to have Defendants bear the burden of his continual delays. Defendants must note that this is a repeated and almost constant pattern of Plaintiffs giving no meaning to deadlines set by the Court.

Defendants are left with the choice of conducting the scheduled depositions of Dr. Schmidt with limited time to review extensive reports and newly disclosed discovery responses or seeking to delay all the deadlines because of Plaintiffs' failure. Further extensions of time will necessarily affect subsequent deadlines. Moreover, Defendants note that Plaintiffs provided no explanation as to their delay in providing Defendants either expert's written report. Accordingly, for these reasons, Defendants' Motion to Strike should be granted and Plaintiff's 26(a)(2)(B) disclosures must be stricken. Given the upcoming travel and depositions, Defendants respectfully seek an urgent ruling on this matter to avoid unnecessary expense or delay.

---

[2] This is the first report of Dr. Schmidt in *Wiley*.

WHEREFORE, for the above reasons, Defendants respectfully request this Honorable Court grant their Motion to Strike Plaintiffs' 26(a)(2)(B) Disclosures, and for such further relief deemed appropriate.

        CASSIDAY SCHADE LLP

        By: /s/ Jaclyn A. Kinkade
            One of the Attorneys for Defendants WEXFORD HEALTH SOURCES, INC., VIPIN SHAH, M.D., and STEPHEN RITZ, D.O.

        /s/ Keith B. Hill (with consent)
        One of the Attorneys for Defendant Faiyaz Ahmed, M.D.

Jaclyn A. Kinkade
ARDC No. 6333722
CASSIDAY SCHADE LLP
100 North Broadway, Suite 1580
St. Louis, MO 63102
(314) 241-1377
(314) 241-1320 (Fax)
jkinkade@cassiday.com

Keith B. Hill
ARDC No. 6277660
HEYL, ROYSTER, VOELKER & ALLEN, P.C.
105 West Vandalia, Suite 100, Mark Twain Plaza III
Edwardsville, IL 62025 0467
(618) 656-4646
khill@heylroyster.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 7, 2024, I electronically filed the foregoing with the Clerk of the Court for the Southern District of Illinois using the CM/ECF system. The electronic case filing system sent a "Notice of E-Filing" to the following:

ATTORNEYS FOR DEFENDANT, FAIYAZ AHMED, M.D.:
Keith Hill
Heyl, Royster, Voelker & Allen, P.C.
105 West Vandalia, Suite 100
Edwardsville, IL 62025
Telephone 618.656.4646
Facsimile 618.656.7940
khill@heylroyster.com

ATTORNEY FOR DEFENDANT, ILLINOIS DEPARTMENT OF CORRECTIONS:
Tara Barnett
Assistant Attorney General
201 West Pointe Dr., Ste. 7
Swansea, IL 62226
(618) 236-8781
tara.barnett@ilag.gov

ATTORNEYS FOR PLAINTIFFS:
Jon I. Loevy
Stephen H. Weil
Loevy & Loevy
311 N. Aberdeen Street, Third Floor
Chicago, IL 60607
jon@loevy.com
weil@loevy.com

/s/ Jaclyn A. Kinkade

11989183