## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF ILLINOIS

Lennisha Reed, *et al.*,

                Plaintiffs,

                v.

Wexford Health Sources, Inc., *et al.*,

                Defendants.

Case No. 3:20-cv-1139-SPM

### PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO STRIKE
### AND RENEWED MOTION TO STRIKE

Plaintiffs Lennisha and Lenn Reed, through their counsel, respectfully oppose Defendants' motion to strike their expert disclosures, ECF 178, and renewed motion to strike. ECF 186.[1]

### INTRODUCTION

Defendants are seeking to convert Plaintiffs' experts' brief delay into a windfall of the highest magnitude, asking this Court to jettison expert opinions that are essential to proving Plaintiffs' claims. This extreme sanction is neither justified nor permitted under settled Seventh Circuit law. Indeed, Defendants have had one of the two purportedly late reports since April 2023, more than a year ahead of the disclosure deadline. While Plaintiffs regret that their completed expert disclosures were 24-36 hours delayed, that delay was justified (as explained below), was in no way intended to cause prejudice, in fact caused no articulable prejudice, and Defendants have already sought and received a commensurate two-day extension of time for their rebuttal reports. Expert discovery still has several months left, regardless of the two-day delay in August. Nor have Plaintiffs introduced

---

[1] After Defendants filed their renewed motion, they notified chambers that some pages should have been filed under seal and the Court sealed the motion. ECF 187. Defendants then filed a motion for leave to file certain exhibits under seal, ECF 188, which is pending before the Court. Plaintiffs therefore do not have access to Defendants' file-stamped renewed motion. Plaintiff's counsel asked Defendant Wexford's counsel for a copy of the motion and exhibits, and is responding to that unstamped version, which Plaintiffs assume is the same as ECF 186 and exhibits.

"new" opinions through their depositions. Dr. Schmidt's deposition testimony cannot possibly be characterized as new opinion, and the medical articles and timeline she referenced in response to deposition questions were timely identified. As further explained below, there is no basis on which to strike Plaintiffs' experts, and the motion should be denied.

## FACTUAL BACKGROUND

Plaintiffs agree that there was a one-day delay in producing Dr. Schmidt's report and a two-day delay for Dr. Venters' report. Plaintiff's counsel regrets this delay, the cause of which was explained in Plaintiffs' response in opposition to Defendants' emergency motion to strike. ECF 179. In summary, when preparing to finalize the reports on Sunday, August 4, 2024, the day before Plaintiffs' deadline, Plaintiffs' counsel discovered that certain treaters' depositions had inadvertently been omitted from the materials provided to Dr. Judy Schmidt. Counsel promptly provided the depositions, but Dr. Schmidt needed time to review them. Dr. Schmidt did not complete her review until August 6 (several hours after the 12:00 p.m. time estimate Plaintiffs' counsel had made to defense counsel the day before). Plaintiffs' counsel produced Dr. Schmidt's reports to defendants on the evening of August 6 (a 24-hour delay), promptly after receiving it from Dr. Schmidt. Compounding the error, Dr. Venters' report (the same report in *Wiley* and in *Reed*) includes a review of Dr. Schmidt's reports. Accordingly, Dr. Venters had to wait for Dr. Schmidt to provide finalized reports before finalizing his own. It is for this reason that Plaintiffs' counsel submitted Dr. Schmidt's report one day late on August 6 and Dr. Venters' report 36 hours late on August 7.

Prior to the passage of the deadline on August 5, Plaintiff's counsel disclosed much of the information required under Rule 26(a)(2) and notified Defense counsel that the reports would be late and Plaintiffs would be seeking an extension.

2

On August 7, Defendants filed an emergency motion to strike Plaintiffs' medical experts Dr. Judy Schmidt and Dr. Homer Venters, arguing that the late disclosure interfered with defense counsel's ability to prepare for the experts' depositions. ECF 178. In the motion, Defendants admitted that they had not checked whether Dr. Schmidt's report was substantially the same as her report they received in April 2023. *Id.* at 4, n. 1. Plaintiffs' counsel emailed Defense counsel offering a two-day extension of their deadline to depose Plaintiffs' experts in exchange for Defendants' withdrawal of the motion to strike. Defense counsel rejected the offer.

This Court declined to expedite ruling and instructed that the motion would be set for a hearing, reasoning that excluding evidence from trial is a harsh sanction. ECF 180. Defendants filed a similar motion in the *Wiley* case, and the court declined to consider the motion until the depositions took place and prejudice might occur or be cured, at which time Defendants could choose whether to renew their motion. *See Wiley,* No. 21-cv-00599, at ECF 192.

Defense counsel deposed Dr. Schmidt on August 15, 2024 in Montana as scheduled—nine days instead of the planned ten after receiving her report.  Dr. Venters was also deposed as scheduled, 49 days after his report was disclosed. Defense counsel were able to conduct full and extensive depositions of both experts: Dr. Venters was deposed for 14 hours, and Dr. Schmidt for 9.5 hours. Nevertheless, after the depositions, Defendants renewed their motions in both cases. *Reed*, ECF 186; *Wiley*, ECF 197.

Nor have Defendants been prejudiced in their development of rebuttal reports. The deadline for their reports was November 5, 2024, but Defendants asked for and received a two-day extension without objection. ECF 189. Plaintiffs' counsel will depose their experts on an expedited

schedule, by agreement.[2]

## LEGAL STANDARD

The purpose of Rule 26(a)'s disclosure process is to prevent unfair surprise. *Westefer v. Snyder*, 422 F.3d 570, 584 (7th Cir. 2005). The expert disclosure rule is intended to give opposing parties "reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." Fed. R. Civ. P. 26(a)(2) advisory committee's note. In many cases, disclosure of an expert report may eliminate the need for an expert deposition. *Id.* Rule 26 is not meant to operate in a rigid, technical fashion that prevents parties from obtaining complete relief. *Banister v. Burton*, 636 F.3d 828, 833 (7th Cir. 2011). Thus, when information not contained in a party's disclosures is otherwise made known during discovery, there is no further duty to supplement under Rule 26(a) because the other party has been given adequate notice. *Id.*

Courts do not resort to the sanction of barring evidence that was inadequately disclosed unless the omission was both unjustified and prejudicial. *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003). "[T]he determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *Id.* "In determining whether a failure to disclose was unjustified and prejudicial, courts consider: (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *Id.*

Sanctions must be "proportionate to the infraction," which means that in cases like this one where the expert opinion is primary evidence on an issue, the infraction must be severe to justify

---

[2] Plaintiffs' counsel proposed completing all five depositions in seven business days, to be completed by the expert deadline on November 18, 2024, but Defendants suggested scheduling the final deposition on November 20, 2024.

barring the evidence. *Spearman Indus. Inc. v. St. Paul Fire and Marine In*s., 138 F. Supp. 2d 1088, 1095 (N.D. Ill. 2001). Barring primary evidence can be tantamount to dismissal. *Id.* at 1095. The Seventh Circuit has admonished that courts "cannot let stand a dismissal that, in light of the entire record, is not proportionate to the circumstances surrounding a party's failure to comply with discovery rules." *Salgado by Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 739–40 (7th Cir. 1998) ("Depriving the parties of a merits disposition is serious business."). Following this instruction, rather than exclude expert witnesses, district courts impose lesser sanctions for discovery violations even where there is evidence of bad faith by the disclosing party and prejudice to the other party. *Beaton v. SpeedyPC Software*, 338 F.R.D. 232, 238 (N.D. Ill. 2021) (citing *Melendez v. Ill. Bell Tel. Co*., 79 F.3d 661, 672 (7th Cir. 1996), then citing *Rice v. City of Chicago*, 333 F.3d 780, 786 (7th Cir. 2003)) (holding expert exclusion was disproportionate sanction since prejudice could be cured by lower sanction shifting costs).

## ARGUMENT

Applying the above standards, exclusion is unwarranted here.

### I.    Excluding crucial expert testimony from Plaintiffs' medical indifference case is disproportionate to Plaintiffs' two-day delay in serving their experts' reports.

The circumstances of Plaintiffs' disclosures reveal that exclusion would be entirely disproportionate. First, Plaintiffs' case involves deliberate indifference by medical professionals, which often requires expert testimony.[3] *McCann v. Cullinan*, 2015 WL 4254226, at *16 (N.D. Ill. July 14, 2015). Courts do not grant the harsh sanction of expert exclusion in cases of this nature, even in instances of more egregious violations than what occurred here. *See id.* (denying exclusion in medical deliberate indifference case, where disclosing party waited eight days post-deadline to

---

[3] Plaintiffs are not waiving any argument that their claims do not require expert testimony, but rather, note that expert reports are routinely one of the mainstays of these claims.

ask opposing party for an extension, and disclosed three months late, as exclusion would substantially decrease plaintiff's chance of withstanding summary judgment); *Sherrod v. Lingle*, 223 F.3d 605, 612 (7th Cir. 2000) (finding that the district court abused its discretion by excluding experts where defendants had not been harmed by plaintiff's discovery violation).

Second, Plaintiffs completed substantial disclosure before the deadline, which prevented the possibility of unfair surprise or prejudice. Defendants concede in their renewed motion that Dr. Schmidt's report is substantially the same as the one Plaintiffs disclosed a year and a half ago. ECF 186 at 7, 9. Defendants had Dr. Schmidt's April 2023 report, and the other expert information Plaintiffs disclosed prior to the deadline and throughout the 36 hours after, to begin preparing for the expert depositions. Again, in such instances, courts deny requests for exclusion. *See Sherrod*, 223 F.3d at 613 (disclosure of the experts' names and reports well before the discovery deadline, "prevent[ed] the chance that unfair surprise would hamper the defendants' preparation of the case" especially when the trial "still appeared a long way off" and defendants had time to prepare examinations of the experts).

Third, Defendants were able to depose Plaintiffs' experts without undue delay and adequately rebut Plaintiffs' opinions with their own experts' reports, disclosed three months later. Indeed, their experts' reports feature extensive critiques of Dr. Schmidt's and Dr. Venters' opinions. In similar circumstances, courts deny exclusion. For instance, in the case of *In re Testosterone Replacement Therapy Products Liab. Litig.*, (N.D. Ill. Sept. 24, 2017), the plaintiff was five months late in disclosing medical information after the defendant had taken his deposition.  2017 WL 4231087, *5. The court did not find any justification for the delay, but rather found that it was the result of plaintiff's counsel's lack of diligence. *Id*. The defendant, however, received the relevant records promptly, took plaintiff's deposition without delay, and incorporated the new information into its expert's report. *Id.* The court denied exclusion and held that "although

the delayed disclosure was not substantially justified, [] it was almost entirely harmless." *Id*. So, too, here. Plaintiffs' counsel by no means seek to countenance delay and made every effort possible to minimize the delay as much as possible, as well as mitigate any possible prejudice to the Defendants.

## II.   Defendants have identified no prejudice or surprise, nor could they in the middle of expert discovery.

Defendants have not identified any meaningful prejudice from the one- and two-day delays, and certainly none that would be proportionate to striking Plaintiffs' expert reports. For starters, the parties are in the thick of expert discovery. Defendants filed the motion to strike before even deposing Plaintiff's experts or disclosing their own experts' reports, so they had no choice but to keep any claims of prejudice vague. Now, following depositions and Defendants' expert disclosures, Defendants have renewed their motion but still fail to identify any legitimate prejudice. Since there is "no other discernible basis for concluding" Defendants were prejudiced by the two-day delay, the Court should deny their motion. *See Mid-Am. Tablewares, Inc. v. Mogi Trading Co., Ltd.*, 100 F.3d 1353, 1363 (7th Cir. 1996) (affirming district court's determination that exclusion was not warranted where movant made conclusory argument that late disclosure shortened time to prepare for deposition and formulate movant's expert's opinion).

Unsurprisingly, Plaintiffs' late disclosure did not change Defendants' preparation or defense in any way. From the outset of the case, Plaintiffs made clear they would rely on medical experts to support their claims. *See, e.g*., ECF 60. The same is true for Plaintiffs' intent to use expert testimony to support their *Monell* claims. ECF 101 (motion for extension of time to complete *Monell* discovery and make expert disclosures). More specifically, Defendants knew who Plaintiffs' experts would be prior to complete disclosure and even had all of Dr. Schmidt's opinions. Defendants concede that Dr. Schmidt's report, which was one day late, is not

7

substantially different from her original report. *See Banister v. Burton*, 636 F.3d 828, 830 (7th

Cir.2011) (denying exclusion where disclosure of report was late but movant knew expert identity

and that he would testify about his opinions); *Lewis v. Menard, Inc.,* 2020 WL 9349546, at *5

(S.D. Ind. Dec. 29, 2020) ("many Courts in this Circuit have held that untimely disclosures may be

harmless where the opposing party had an opportunity to depose the expert or was otherwise aware

of the expert's opinion.").

      Dr. Schmidt did not express any new opinions at her deposition, and Defendants have not

identified any. The examples in Defendants' motion are instances of an expert fleshing out

opinions over a 9.5-hour deposition. The examples serve only to provide proof that Defendants had

full opportunity to digest Dr. Schmidt's opinions and take a thorough and complete deposition.

There was no prejudice by the delayed disclosure. *See Sherrod*, 223 F.3d at 613.

      The same is true for Dr. Venters. Defendants do not attempt any real argument that the two-

day delay prevented them from preparing for the deposition conducted almost two months later.

And as evidenced by Defendants' citations to the deposition transcript, Defendants had ample

opportunity to prepare for his deposition and explore the opinions stated in his report over the

course of 14 hours. In fact, the deposition was quite repetitive. Here, too, there was no prejudice by

the delayed disclosure of his report. *See NorthMobileTech LLC v. Simon Prop. Group, Inc.*, 2012

WL 12996208, at *5 (W.D. Wis. July 10, 2012) ("no significantly novel expert testimony is

offered" where expert restated his analysis and gave no new reasons supporting his opinion).

      Defendants attempt to shoehorn a new issue into their renewed motion to strike, which is

that they did not have a spreadsheet Dr. Venters reviewed in the course of preparing his report. The

parties disagree in good faith about whether the spreadsheet was discoverable, but nevertheless

after meeting-and-conferring, Plaintiffs have produced it to Defendants.[4] This discovery dispute is
not the same as a disclosure delay and presents no grounds for striking Dr. Venters' report. To be
clear, Defendants already possessed all the medical records paraphrased and summarized in the
spreadsheet, and Plaintiffs produced all the documents relied on by the experts. Indeed, all the
medical information pertinent to the experts' opinions was initially produced by Defendants—after
much litigation on the issue. *See Assaf v. Trinity Med. Ctr.*, 696 F.3d 681, 687 (7th Cir. 2012)
(district court abused its discretion in barring late-disclosed evidence, as party was not prejudiced
by late disclosure of information in its own files); *Washington v. City of Springfield*, 2009 WL
927498, at *2 (C.D. Ill. Apr. 1, 2009) (late disclosure was substantially justified when one party's
expert could not formulate his opinion without the information requested from the other party).
The spreadsheet contained no new information, and as he testified in his deposition, Dr. Venters
did not formulate his opinions based on the summaries contained therein. Defendants proceeded
with their deposition of Dr. Venters and at no point sought to terminate or continue it. *See In re
Sulfuric Acid Antitrust Litig.*, 235 F.R.D. 646, 651 (N.D. Ill. 2006) (denying exclusion where
movant went ahead with deposition instead of filing a motion to bar); *In re Sulfuric Acid Antitrust
Litigation*, 231 F.R.D. at 340.

The same goes for the articles and summary Dr. Schmidt brought to her deposition and the
nine-page timeline Plaintiff's counsel produced the day before, which Defendants now claim
justify exclusion of her opinions. ECF 186 at 11. As Dr Schmidt testified, the articles and the two-
page summary were materials she gathered/created *after* she prepared her report. She did so in the
course of preparing for her deposition. She therefore did not rely on them to prepare her opinions.
There can be no argument of late disclosure under such circumstances.

---

[4] Defendants have also issued discovery requests about the spreadsheet, to which Plaintiffs have agreed to
timely respond.

Regarding the nine-page timeline, Plaintiff's counsel produced the timeline as soon as he became aware of it during deposition preparation (as indicated in the email producing it). The timeline summarized the opinions in her report. Each of these document materials was consistent with Dr. Schmidt's opinions and contained information Defense counsel was familiar with. Defendants did not suffer any prejudice. *See Only The First, Ltd. v. Seiko Epson Corp.*, 822 F. Supp. 2d 767, 782 (N.D. Ill. 2011) (finding no prejudice and denying exclusion where late disclosed data was consistent with prior disclosed opinions and party's strategy, arguments, and evidence); *NorthMobileTech*, 2012 WL 12996208, at *5. Indeed, Defense counsel proceeded with Dr. Schmidt's deposition without pausing to review the documents, undermining their claim of prejudice. *See In re Sulfuric Acid*, 231 F.R.D. at 340. Defendants would have the Court believe that the course of this case would be entirely different if Plaintiffs' disclosures were made two days prior. But this is not such a case. *See McCann*, 2015 WL 4254226, at *14 (denying exclusion and reasoning that defendants faced the costs to review the plaintiff's expert reports, depose the experts, and to obtain their own even if plaintiff timely disclosed her experts, and this was not a prejudice that exclusion could remedy). Defendants make the conclusory argument that the 36-hour delay prejudiced Defendants, relying on: (1) *Musser v. Gentiva Health Servs.*, 356 F.3d 751 (7th Cir. 2004); (2) *Butler v. Sears Roebuck & Co.*, 2010 WL 2697601 (N.D. Ill. July 7, 2010); and (3) *Osterhouse v. Grover*, No. 3:04-cv-93-MJR, 2006 U.S. Dist. LEXIS 50282 (S.D. Ill. Jul. 20, 2006). Each case is inapposite.

In *Musser*, the disclosing party disclosed the experts as fact witnesses only. *See* 356 F.3d at 752. The defendants deposed the witnesses and moved for summary judgment without knowing plaintiff would use each of the witnesses as experts. *Id.* The plaintiff justified the failure to disclose as a misunderstanding of the law, not knowing they needed to 'formally' disclose witnesses that were already on their disclosures. *Id.* The district court held that this disclosure was unjustified,

and the Seventh Circuit affirmed. *Id.* The court reasoned "that the additional costs to Gentiva of preparing a new summary judgment motion and further delay in extending the trial date are not harmless." *Id.* at 759. The court cautioned:

> "[W]e are mindful of our warning that in the normal course of events, justice is dispensed by the hearing of cases on their merits. We do not hold that a district court should always exclude evidence in similar factual scenarios; in fact, well-reasoned cases have come to the opposite result. We urge district courts to carefully consider Rule 37(c), including the alternate sanctions available, when imposing exclusionary sanctions that are outcome determinative."

*Id.* 759–60 (7th Cir. 2004) (citations omitted) (collecting cases denying exclusion). The circumstances suggesting prejudice in *Musser*—mischaracterizing expert witnesses as fact witnesses until after those witnesses had been deposed and without good cause—do not exist here.

In *Bulter*, the disclosing party prioritized another, related case, and disclosed that litigation's expert opinion in *Bulter*, then disclosed improper rebuttal and supplemental opinions. 2010 WL 2697601, at *2. The court excluded the expert opinions, holding that the late disclosure was "tactical" and "deliberate []" and further delayed the progression of the case. *Id.* None of those factors are at play here. Plaintiffs' counsel regrets the delay, which occurred to correct an error in the materials provided to their expert, and was not tactical or malicious in any way.

Finally, the *Osterhouse* court barred expert opinions that were not supported with reasoning and were not in the expert report. 2006 WL 2051301, at *3. Defendants do not even argue that about the reports at issue. Dr. Schmidt's and Dr. Venters' opinions are contained in their reports and are adequately fleshed out as Rule 26 requires. Indeed, the crux of Defendants' argument seems to be that the reports are extensive and reasoned, and that Defendants only wish they had

them 36 hours earlier to better understand the experts' opinions pre-depositions. The cases Defendants cite do not support their extraordinary request for relief.[5]

In short, the punishment does not fit the crime. Plaintiffs regret their error and supported a commensurate extension for Defendants, which they have received. The weight of authority in this Circuit simply does not support such a high sanction where, as here, the prejudice is low. Without these expert opinions, Plaintiffs may not be able to meet their standard of proof. Defendants are trying to extract a litigation advantage from Plaintiffs' error.

### III.    The delay has already been cured.

Defendants received Dr. Schmidt's report nine days before her deposition, and as they admit it was substantially the same as the report they received in April 2023. Defendants received Dr. Venters' report almost two months before his deposition. Both depositions happened without any obstacles. Defendants argue otherwise, but do not even attempt to attribute those obstacles to the 36-hour delay. And their arguments are belied by the deposition transcripts, which show two experts fleshing out the opinions in their reports *in response to counsel's questions*—as is the case in most expert depositions conducted by counsel who are well-versed in the experts' opinions.

Moreover, upon receiving Dr. Schmidt's report one day late, Defendants rejected Plaintiffs' offer to extend the time to depose Plaintiffs' experts and did not seek to reschedule Dr. Schmidt's deposition or recover travel costs from Plaintiffs.[6] *In re Sulfuric Acid Antitrust Litigation*, 231 F.R.D. 331, 340 (N.D.Ill.2005) (claim of severe prejudice by lack of responses to discovery requests was undermined by party taking the depositions in any event).  And of course, expert reports are a discovery tool to use in conjunction with depositions, not simply a preparatory device,

---

[5] Defendants also moved to strike Plaintiffs' expert disclosures based on their responses to contention interrogatories. ECF 178. Plaintiffs responded to this argument, ECF 179, and Defendants did not address it in their renewed motion, so it is waived and Plaintiffs do not address it here.

[6] Plaintiff's counsel also suggested the parties conduct Plaintiffs' expert depositions remotely, but Defense counsel declined.

and in many cases reports may eliminate the need for a deposition. Fed. R. Civ. P. 26(a)(2)
advisory committee's note.

Finally, three months after Plaintiffs' two-day delay, the Court has the benefit of hindsight.
There have been two granted, unopposed motions for extension, one from Plaintiffs to account for
the lead attorney's departure from the firm, ECF 182, and one from Defendants for a two-day
extension for their expert reports. ECF 189. Defendants' time to prepare for Plaintiffs' expert
depositions, and their time to prepare their expert disclosures, has extended beyond two days.

### IV.    There has been no disruption and will be no disruption to trial.

Defendants cannot argue the late disclosure will delay trial. *See Spam Arrest LLC. v. Boxbe,
Inc.*, 10-CV-669-WMC, 2012 WL 13070083, at *2 (W.D. Wis. Jan. 11, 2012) (no disruption to
trial where movant had time to depose experts and prepare summary judgment briefing). Since the
late disclosure three months ago, discovery has continued without Plaintiff's two-day delay having
any effect. *See G &S Metal Consultants, Inc. v. Continental Cas. Co.*, 2013 WL 6047574, at *5
(N.D. Ind. Nov. 15, 2013) (when discovery was open on several issues, late disclosure was
harmless).

### V.    There was no bad faith or willfulness by the delay.

Finally, there is no bad faith here. Plaintiffs accept responsibility for missing the deadline,
which was not tactical.  Plaintiffs have gained no advantage here, nor were they trying to, and
defendants were not harmed. *Compare Beauchamp v. City of Dixon*, 11 CV 50121, 2014 WL
901437, at *7 (N.D. Ill. Mar. 7, 2014), *report and recommendation adopted sub nom. Beauchamp
v. City of Dixon, Ill.*, 2014 WL 1315403 (N.D. Ill. Mar. 31, 2014) (finding no evidence of bad faith
where disclosing party identified experts, produced the records they relied on, and movant
identified no attempts by counsel to prevent witnesses from discussing opinions during
depositions) *with Smith v. City of Chicago*, 21 C 1159, 2023 WL 5211667, at *8 (N.D. Ill. Aug. 14,

13

2023) (where "a strategic decision" was made not to disclose a police practices expert, and to raise the issue later).

## CONCLUSION

For the above reasons, the Court should deny Defendants' motion in its entirety.

Respectfully submitted,

/s/ Maria Makar
Attorneys for Plaintiff

Jon Loevy
Maria Makar
Gianna Gizzi
LOEVY & LOEVY
311 N Aberdeen St. Ste 300
Chicago, IL 60607
(312) 243-5900

14