

**From:** Kinkade, Jaclyn A.
**Sent:** Monday, March 21, 2022 4:43 PM
**To:** Steve Weil <weil@loevy.com>
**Cc:** Keith B. Hill <khill@heylroyster.com>; Wallis, Ryan C. <rwallis@cassiday.com>; Sarah Grady <sarah@loevy.com>
**Subject:** RE: Reed - Rule 26(a)(2) deadlines

Mr. Weil,

In response to your email below, I've attached a letter more fully outlining our position.

Sincerely,

**Jaclyn Kinkade** | Partner
Cassiday Schade LLP | Phone: 314.655.4709 | Fax: 314.241.1320
100 N. Broadway, Suite 1580, St. Louis MO 63102 | www.cassiday.com

CASSIDAY SCHADE LLP

Illinois | Indiana | Missouri | New Mexico | Wisconsin

**From:** Steve Weil <weil@loevy.com>
**Sent:** Monday, March 21, 2022 11:07 AM
**To:** Kinkade, Jaclyn A. <jkinkade@cassiday.com>
**Cc:** Keith B. Hill <khill@heylroyster.com>; Wallis, Ryan C. <rwallis@cassiday.com>; Dugan, Timothy <tdugan@cassiday.com>; Sarah Grady <sarah@loevy.com>
**Subject:** Re: Reed - Rule 26(a)(2) deadlines

> **EXTERNAL**

Jaclyn,

We explained in our MTC reply that we believe your claim that paragraph 28 is a false pleading is simply wrong. If you continue to disagree notwithstanding our reply, fact discovery is the means to resolve that disagreement.

Regarding paragraph 31, in our reply we noted our basis for the pleading, and again noted our request that you identify the documents showing that the pleading was incorrect. You still have not done so. We continue to review the record. In the meantime, to resolve this dispute, we plan to seek leave to file a first amended complaint that amends Paragraph 31 to read as follows:

Mr. Reed's condition, however, deteriorated from there. Because of his tumors he became "acutely paraplegic," unable to feel below his abdomen, and it became too late to save him. On December 19, Dr. Saba assessed Mr. Reed's condition as "terminal," and gave Mr. Reed the option of palliative care or chemotherapy. Mr. Reed chose to continue fighting the disease and requested chemotherapy.

This would be the only change to our allegations. We will continue to investigate the facts surrounding paragraph 31, and if our understanding is correct we will seek leave to amend paragraph 31 to read in its original form. In the meantime, though, we believe this resolves our dispute. Pursuant to Rule

15(a)(2), please let us know whether you will consent to our filing of an amended complaint. If you do consent we will seek leave from the court to file the amended pleading today.

In all events, we still don't understand the connection between these two paragraphs and your refusal to participate in discovery in this case. Paragraph 31 (and Paragraph 28 for that matter) concerns a relatively small and discrete period of Mr. Reed's care. There is little discovery to be taken on the facts pleaded therein. Thus we do not understand why you have continued to object to the taking of any discovery covering the sweep of events alleged in the complaint based on the pleadings in this paragraph.

In this light please let us know whether you continue to oppose a motion to extend the discovery schedule.

Best regards,

Steve

--
Stephen H. Weil
LOEVY & LOEVY
311 N. Aberdeen
Chicago, IL 60607
Tel:  312-243-5900
Fax: 312-243-5902
weil@loevy.com


On Mon, Mar 21, 2022 at 9:39 AM Kinkade, Jaclyn A. <jkinkade@cassiday.com> wrote:

We cannot agree to the extension and would file an opposition to a 6 month extension. More than 12 weeks ago, we asked you to cure the complaint. Your reply to your Motion to Compel indicates a continued misunderstanding of the medical records, thus expert discovery is timely and necessary at this time.



Thanks,



**Jaclyn Kinkade** | Partner
Cassiday Schade LLP | Phone: 314.655.4709 | Fax: 314.241.1320
100 N. Broadway, Suite 1580, St. Louis MO 63102 | www.cassiday.com

CASSIDAY SCHADE LLP
Illinois | Indiana | Missouri | New Mexico | Wisconsin

**From:** Steve Weil <weil@loevy.com>
**Sent:** Monday, March 21, 2022 9:27 AM
**To:** Kinkade, Jaclyn A. <jkinkade@cassiday.com>; Keith B. Hill <khill@heylroyster.com>; Wallis, Ryan C. <rwallis@cassiday.com>; Dugan, Timothy <tdugan@cassiday.com>
**Cc:** Sarah Grady <sarah@loevy.com>
**Subject:** Reed - Rule 26(a)(2) deadlines

**EXTERNAL**

The scheduling order in Reed sets Rule 26(a)(2) disclosures as due tomorrow. We propose that the parties file a joint extension of six months for that deadline and those that follow. Please let me know if you will agree to a joint motion.

Best regards,

- Steve

--

Stephen H. Weil

LOEVY & LOEVY

311 N. Aberdeen

Chicago, IL 60607

Tel:  312-243-5900

Fax: 312-243-5902

weil@loevy.com

**CONFIDENTIALITY NOTICE:** This electronic message is intended to be viewed only by the individual or entity to whom it is addressed. It may contain information that is privileged, confidential and exempt from disclosure under applicable law. Any dissemination, distribution or copying of this communication is strictly prohibited without our prior permission. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, or if you have received this communication in error, please notify us immediately by return e-mail and delete the original message and any copies of it from your computer system. For further information about Cassiday Schade LLP, please see our website at [www.cassiday.com](http://www.cassiday.com) or refer to any of our offices. Thank you.

March 21, 2022

JACLYN A. KINKADE  
WRITER'S DIRECT DIAL 314-655-4709  
JKINKADE@CASSIDAY.COM

Re:  Lennisha Reed and Lenn Reed Jr., as Co-Administrators of the Estate of Lenn Reed, Sr., #B28789 v. Wexford Health Sources, Inc., Vipin Shah, M.D., and Stephen Ritz, D.O.
Our File No.:     047782/19344/TPD/RCW
Court No.:        3:20-cv-01139-SPM

Dear Mr. Weil:

  Your Complaint in this matter, filed on October 28, 2020, alleges, amongst other claims, medical malpractice. (Doc. 1). No 735 ILCS 5/2-622 affidavit was attached. A scheduling order was entered by consent on March 1, 2021, over a year ago. The Plaintiff's expert disclosure date, agreed to by Plaintiff, is March 22, 2022. This is more than reasonable given that the Complaint was filed nearly a year and a half ago and more than a year of discovery has transpired. Defendants are entitled a 735 ILCS 5/2-622 report with sufficient time to discover the opinions contained therein. See *Young v. United States*, 942 F.3d 349 (7th Cir. 2019)(allowing a 735 ILCS 5/2-622 affidavit be submitted after the initial filings but dismissing the complaint when no affidavit was submitted six months later). Accordingly, the time to produce expert disclosures has come.

  Second, Plaintiff has focused the vast majority of her discovery on the *Monell* claim. Of course, your strategy for conducting discovery is within your purview, but there has been no preclusion on discovery as to the underlying medical claims, without which the *Monell* claim fails as a matter of law. Meanwhile, Plaintiff withheld the medical records for over a year and only produced them after we identified errors in the Complaint. We cannot agree or allow further roadblocks. Again, the time has come for Plaintiff's expert disclosures.

  Third, once we obtained the medical records, we specifically informed you of false statements in paragraphs #28 and #31. You have conceded an error in paragraph #31. As to paragraph #28, you allege "Dr. Shah, Dr. Ahmed, and Wexford's medical staff allowed Mr. Reed to sit in the prison's infirmary, with no chemotherapy, as his health continued to deteriorate." (Doc. 1, p. 8, ¶28). Yet, during this time, Mr. Reed was admitted inpatient at Carle Hospital recovering from the surgery, recommended by Dr. Saba, that placed his chemotherapy port and biopsied his advanced metastasized colorectal adenocarcinoma cancer. You have proffered to the Court that your basis for this allegation is that "medical staff at the prison were ignoring his calls," at an unidentified date within a 10-day window (November 3-13, 2018), causing a delay in starting chemotherapy. (Doc. 54, P. 4). However, Dr. Saba did not order chemotherapy even on November 14, 2018, not due to Dr. Shah, but instead as he was awaiting the results of the biopsy/molecular profile and as Mr. Reed had complications from his prior surgery. Dr. Saba charted:



> Unfortunately, we don't have the ability to treat patients while they are in the hospital at Richland. He has to be good enough to be discharged and make it out of the hospital if he ends up transferring to Carle and he does good over there and condition improved then I hope they can start him on the first cycle of chemo over there before they send him back to the facility. Until then, there isn't much I can do for him right now. I just hope his obstruction resolved quickly so he can be discharged and start treatment as an outpatient.

As the records evidence, Mr. Reed remained hospitalized until December 6, 2018, for treatment of his obstruction and complications. Chemotherapy (which in this case was palliative chemotherapy) was not ordered by anyone at Carle or by Dr. Saba. Instead, Mr. Reed received palliative radiation therapy. Your proposed amending language that you submitted in an email to us today is not adequate, as it does not state the material facts above.

On March 7-8, 2022, I reached out to you- as 11 weeks had passed since our conversation during which you agreed to review the records to cure the Complaint- specifically requesting the factual contentions against Dr. Shah that have evidentiary support and offering to point you to medical records by page if you could not read them. You did not respond to this request to identify pages. Nonetheless, as you raise it again today, although not exhaustive, see pages REED LCC (MR) 70-86; 301-309; 356; 366; 430-432.

Today, you requested we agree to a six-month extension of your expert disclosures due tomorrow. You indicate that you are still going through the medical records, more than 12 weeks after our discussion on errors in the Complaint and nearly a year and a half after filing the Complaint. It is unclear why this has not been completed but it seems as though expert discovery would shed light on the issues in this case and it should not be delayed further. Regardless, we are entitled to know the evidence in support of your medical malpractice claims.

Lastly, you state in your email today that we are refusing to participate in discovery. We are not refusing to participate in discovery. We are objecting to continuing to allow this case to languish and seeking to uphold the expert disclosure deadline in order to discover and defend against your medical malpractice allegations.

For any one of the reasons above, we are not agreeing to a six-month extension on expert disclosures. Of course, if you need a short extension for a week or so to finalize the disclosures, we can agree to that.

Sincerely,

Cassiday Schade LLP


*/s/ Jaclyn Kinkade*

