IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LENNISHA REED,** *Co-Administrator of the Estate of Lenn Reed,* **and** **LENN REED, JR.,** *Co-Administrator of the Estate of Lenn Reed,* <br><br> **Plaintiff,** <br><br> v. <br><br> **WEXFORD HEALTH SOURCES, INC., VIPIN SHAH, STEPHEN RITZ, and FAIYAZ AHMED,** <br><br> **Defendants.** | Case No. 20-cv-01139-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court on motions to seal documents and motions to file excess pages filed by the parties.

### I. Motions for Leave to File Under Seal filed by Defendants (Doc. 204) and Plaintiffs (Doc. 230)[1]

Defendants Wexford Health Sources, Inc. (Wexford), Shah, and Ritz seek to file Exhibits K, O, P, R, T, U, and V submitted in support of their Motion for Summary Judgment and Daubert Motion under seal. (Doc. 204). Defendants state that the exhibits at issue contain third party protected health information (PHI) and other sensitive information and argue the exhibits should be sealed to protect the interests of non-parties. Defendants state that the parties previously agreed that certain documentation containing third party PHI, which is subject to the Court's HIPAA Qualified Protective Order, should not be filed publicly. They further contend that the third party

---

[1] Plaintiffs' have filed a corrected motion seeking leave to file excess pages, to filed documents under seal, and to file their response brief instanter. (Doc. 230). Thus, the motion at Doc. 226 is **DEEMED moot.**

PHI and sensitive information is "so embedded in the documentation that redaction is not practicable." (*Id.* at p. 2).

Similarly, Plaintiffs seek leave to file Exhibits 1 and 7 submitted in support of their response in opposition to the Motion for Summary Judgment under seal. (Doc. 230). They also state that the documents they wished sealed contain third party PHI and argue that sealing would be "consistent with the protective order." (*Id.* at p. 2).

Motions to seal are disfavored, for there is a presumption that documents affecting the disposition of litigation should be open to public view. *E.g., Nixon v. Warner Commc'n., In*c., 435 U.S. 598, 597 (1978); *In re Sprecht,* 622 F.3d 697, 701 (7th Cir. 2010); *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 182 (4th Cir. 1988). This right of access ensures public confidence and oversight, enabling "interested members of the public, including lawyers, journalists, and government officials, to know who's using the courts, to understand judicial decisions, and to monitor the judiciary's performance of its duties." *Goessel v. Boley Int'l, Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013). There are exceptions to the public access rule, but they are narrow, and the Court must determine that good cause exists prior to sealing any part of the record. *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 944 (7th Cir.1999). "It is not enough to merely assert that disclosure would be harmful; a party must explain how disclosure would cause harm. Moreover, simply designating information as confidential is insufficient to permit under-seal filing." *Benson v. City of Ind.,* No. 24-cv-00839-JPH-MJD, 2025 WL 3637013, at *1 (S.D. Ind. 2025) (citing *Baxter Int'l, Inc. v. Abbott Labs,* 297 F. 3d 544, 547 (7th Cir. 2002)); *Union Oil Co. of Cal. V. Leavell,* 220 F. 3d 562, 567 (7th Cir. 2000)). "The party seeking to seal items has the burden of showing cause and must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *E.E.O. C. v. Abbott Labs*., No. 10–C–0833, 2012 WL 2884882, at *1 (E.D. Wis. July 12, 2012) (citing *Baxter,* 297 F.3d at 548). For

these reasons, the Court will take each exhibit in turn.

### a. Defendants' Exhibits K, O, and P and Plaintiffs' Exhibit 7 – Report and Deposition of Dr. Venters

The Court does not find good cause to allow the report and deposition of Dr. Venters to remain unavailable to the public in their entirety. Whether Dr. Venters should be allowed as an expert is in dispute, and the parties heavily reference the report and deposition in their summary judgment briefing. (*See* Doc. 198; Doc. 201; Doc. 200, p. 14, 20, 25, 26, 37, 38, 41, 42, 44-47, 49, 53, 59-60; Doc. 227, p. 21-24, 30-35). Not only will the Court be reviewing the report and deposition in ruling on the motions to strike Dr. Venters disclosures and bar Dr. Venters' testimony (Doc.186, Doc. 201), but if allowed, Dr. Venters' report and deposition, which speak to the care of fourteen other inmates, are relied upon by Plaintiffs in support of their *Monell* claim against Wexford. The medical information pertaining to those who are not parties to this case is relevant to resolving Wexford's liability based on practices or customs. Generally, good cause "does not extend to those portions of the records so relevant to [a party's argument or] claim that they have been cited or quoted by the parties in other documents." *Chapman v. Raemisch,* No. 05-C-1254, 2009 WL 425813 at *7 (E.D. Wisc. Feb. 20, 2009). *See also Cty. Materials Corp. v. Allan Block Corp.*, 502 F. 3d 730, 739 (7th Cir. 2007) ("[s]ecrecy persists only if the court does not use the information to reach a decision on the merits") (internal citations and quotations omitted); *Goesel,* 738 F. 3d at 833 ("the presumption of public access applies only to the materials that formed the basis of the parties' dispute and the district court's resolution"). Thus, the Court will not allow Dr. Venters' deposition and report to be sealed on the docket without a redacted version being made publicly available.

The Court recognizes the concerns regarding the public availability of sensitive medical information of third parties, and the identities of third parties are not essential to any issues of fact

in this case. Contrary to Defendants' argument, however, the Court does not find the redaction of the names of individuals who are not parties to this case and whose medical information is discussed in the report and deposition impractical.[2] Furthermore, Defendants have not explained what other "sensitive information" to which they are referring. Therefore, Defendants' Exhibits K, O, and P, and Plaintiffs' Exhibit 7 shall remain under seal, and the parties are directed to refile Exhibits K, O, P, and 7 with the names of third parties, whose medical information is disclosed, redacted. The redacted exhibits shall be filed with the Court by **March 13, 2026.**[3]

### b. Defendants' Exhibit R – IDOC Death Spreadsheet

Defendants use Exhibit R, a spreadsheet documenting inmate deaths that occurred within the Illinois Department of Corrections (IDOC) from 2000 through 2021, to support their argument that Dr. Venters' opinions lack foundation. (Doc. 201, p. 14; Doc. 200, p. 48). In their motions, they argue that Dr. Venters had this spreadsheet at his disposal, but he did not utilize it to create a methodology for unbiased, sufficient sampling of the IDOC population. (Doc. 200, p. 48).

The Court finds good cause to exclude from the public record the personal information of hundreds of inmates who passed away while in the custody of IDOC over the last twenty years. The individuals are not parties to his case, and at this point, the sensitive information contained in the spreadsheet will most likely have little effect on the final disposition of this litigation.

### c. Defendants' Exhibit T – Plaintiffs' Counsel's Spreadsheet

Likewise, the Court will allow Exhibit T to remain sealed. Defendants describe Exhibit T as a "spreadsheet of Plaintiffs' counsel's notes summarizing what Plaintiffs' counsel believed the medical records meant and notes of some of the opinions of the *Lippert* monitors." (Doc. 201, p.

---

[2] Defendants previously filed a version of Dr. Venters' deposition with the names of third parties redacted. (*See* Doc. 188-1; Doc. 188-2; Doc. 248).
[3] The parties are not required to redact the identifying information of Mr. Omar McCullough, who's medical care is at issue and has been made publicly available in *Wiley v. Young*, No. 21-cv-00599-DWD (S.D. Ill.). Without further information, the Court does not find good cause to redact information pertaining to Mr. McCullough.

2-3). Again, Defendants cite to the spreadsheet to challenge Dr. Venters as an expert. (*See* Doc. 200, p. 46; Doc. 201, p. 2-4, 24). As the Court previously found, this spreadsheet is a 238-page summary of third-party protected health information and finds that redaction would not be practicable. (*See* Doc. 248). There is no indication that the substantive information contained in the spreadsheet will be used in resolving issues in the case. The Court finds good cause to seal Exhibit T.

### d. Defendants' Exhibit U – Report of Dr. Gage and Exhibit V - Report of Dr. Slish

Exhibits U and V are the reports submitted by Defendants' experts – Dr. Gage and Dr. Slish. The reports reference the medical care of the third parties named in Dr. Venters' report. As discussed above, the identities of the third parties are not central to Plaintiffs' claims or the expert disputes between the parties. But the Court does not find it impractical or overly burdensome to redact any identifying information from the reports. Defendants' Exhibits U and V shall remain under seal, and the parties are directed to refile Exhibits U and V with the names of third parties, whose medical information is disclosed, redacted. The redacted exhibits shall be filed with the Court by **March 13, 2026.**

### e. Plaintiffs' Exhibit 1 - Emails

Exhibit 1 is an email exchange involving Defendant Dr. Ritz discussing wound care for Lenn Reed. The Court does not find good cause to keep this document under seal. In their response in opposition to the Motion for Summary Judgment, Plaintiffs cite this email exchange as evidence of Dr. Ritz's deliberate indifference because it could allow a jury to conclude that Dr. Ritz made treatment decisions based on cost and not efficacy. (*See* Doc. 227, p. 41). By filing suit alleging that Reed received unconstitutional medical care while incarcerated, Plaintiffs have placed Reed's medical condition and treatment under the Court's consideration, meaning that such information will become public unless Plaintiffs' can demonstrate that the information falls in the "very few

categories" for which confidentiality is appropriate. *Mitze v. Saul,* 968 F. 3d 689, 692 (7th Cir. 2020). They have not done so. Their only justification for sealing the exhibit is that the emails contain third party medical information protected by the HIPAA Qualified Protective Order. (Doc. 230, p. 2). Not only is this reasoning insufficient to demonstrate good cause, but the Court did not find third party medical information in the emails. *See Citizens,* 178 F. 3d at 946 ("it will not be enough for the district judge on remand to point to the protective order as authority for allowing a portion of the appellate record to be filed under seal"). Accordingly, the Clerk of Court will be directed to unseal Exhibit 1 at Doc. 228.

II.   **Motions for Excess Pages filed by Plaintiffs (Doc. 230, 251) and Defendants (Doc. 231, 252)**

As the Court allowed Defendants leave to exceed this district's page limit in filing their memorandum in support of their motion for summary judgment (Doc. 205, 212), the Court likewise finds good cause and grants Plaintiffs' request for leave to filed excess pages with their response brief. (Doc. 230). Furthermore, the Court deems Plaintiffs' response timely filed.

The Court also will allow Defendants to file additional pages with their reply in support of the motion for summary judgment and with their reply in support of their motion for sanctions (Doc. 231, 252), and Plaintiffs to file additional pages with their response to the motion for sanctions (Doc. 251).

DISPOSITION

For the reasons stated above, the Motion to Seal filed by Defendants is **GRANTED in part** and **DENIED in part**. (Doc. 204). Defendants shall file Exhibits K, O, P, U, and V with names of third parties, whose medical information is disclosed, redacted on or before **March 13, 2026.**

The Corrected Motion for Leave to File the Response with Excess Pages, to File Exhibits Under Seal, and to File Instanter filed by Plaintiffs is **GRANTED in part** and **DENIED in part**.

(Doc. 230). Plaintiffs shall file Exhibit 7 with the names of third parties, whose medical information is disclosed, redacted on or before **March 13, 2026**. The Clerk of Court is **DIRECTED** to **UNSEAL** Exhibit 1 at Doc. 228. The Court **DEEMS** the response timely filed. (*See* Doc. 227).

The Motions to File Excess Pages filed by Defendants and Plaintiffs are **GRANTED**. (Doc. 230, 231, 251, 252).

The Court **DEEMS** the motion at Doc. 226 moot.

**IT IS SO ORDERED.**

**DATED: February 20, 2026**

                                                   *s/Stephen P. McGlynn*
                                                   **STEPHEN P. MCGLYNN**
                                                   **United States District Judge**